UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 23-cv-05721-PCP (VKD)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE VALEO'S REPONSES TO NVIDIA'S INTERROGATORY NOS. 6 AND 7; SEALING PORTIONS OF THE RESPONSES**<br><br>Re: Dkt. Nos. 74, 75, 76, 79 |

On August 8, 2024, defendant NVIDIA Corporation ("NVIDIA") filed an administrative motion seeking leave to file plaintiff Valeo Schalter und Sensoren GmbH's ("Valeo") responses to NVIDIA's Interrogatory Nos. 6 and 7 in support of a pending discovery dispute. Dkt. No. 74. On August 12, 2024, Valeo filed a response stating that it "does not believe the material is relevant" but "does not object or oppose if the Court wishes to review this material as it is referenced in the letter brief." Dkt. No. 77 at 1. NVIDIA's motion for leave is granted.

Concurrent with the motion for leave, NVIDIA filed two motions asking the Court to seal portions of the interrogatory responses. Dkt. Nos. 75, 76. On August 15, 2024, Valeo filed a statement in support of NVIDIA's motions to seal, indicating the portions of the responses for which it requests sealing. Dkt. No. 79.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). A

party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery matters at issue here do not address the merits of either party's claims or defenses, so the Court applies the "good cause" standard of Rule 26(c).

NVIDIA asserts that the information it seeks to seal concerns "the confidential names of files and functions found in NVIDIA's proprietary source code" and that public disclosure of this information could result in "a competitive disadvantage." Dkt. No. 75 at 2. Valeo states that the portions it seeks to seal involve "pictures of Valeo's highly confidential, proprietary, and competitive technical information" as well as "the structures and names of folders of information comprising Valeo's trade secret source code." Dkt. No. 79 at 2-3. Valeo asserts that public disclosure of this information "would cause competitive harm." *Id.* at 3.

The Court agrees that good cause exists to seal the designated portions of the interrogatory responses. The redactions proposed to the public version of the document are minimal and narrowly tailored to address the concerns identified. *See* Civil L.R. 79-5(c)(3). The Court orders that the following material be sealed:

| Document | Portions to be Filed Under Seal |
| --- | --- |
| Valeo's Second Supplemental Objections and Responses to NVIDIA's First Set of Interrogatories (Nos. 6, 7) | Portions of the document highlighted in yellow (Dkt. No. 75-3 SEALED) <br><br> Portions of the pictures redacted on page numbers 10, 11, and 12 (Dkt. No. 79-2) |

A redacted version of the document is already available on the public docket. *See* Dkt. No. 79-2. Accordingly, no further action is required.

**IT IS SO ORDERED.**

Dated: August 16, 2024

Virginia K. DeMarchi
United States Magistrate Judge