UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>  Plaintiff,<br><br>  v.<br><br>NVIDIA CORPORATION,<br><br>  Defendant. | Case No. 23-cv-05721-EKL (VKD)<br><br>**ORDER RE AUGUST 7, 2024 DISCOVERY DISPUTE RE DEFENDANT'S SUPPLEMENTAL PRODUCTION OF SOURCE CODE**<br><br>Re: Dkt. No. 66 |

Plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") and defendant NVIDIA Corporation ("NVIDIA") ask the Court to resolve their dispute regarding whether NVIDIA should be required to periodically update its source code production to account for code developed after the close of fact discovery. Dkt. No. 66. The Court held a hearing on this dispute on August 20, 2024. Dkt. No. 81. Upon consideration of the parties' submission and the arguments presented at the hearing, the Court denies Valeo's request for an order requiring NVIDIA to update its source code production on a monthly basis after the close of fact discovery. However, as explained below, NVIDIA is not correct that it has no obligation under Rule 26(e) to supplement its source code production after the close of fact discovery.

In this action, Valeo alleges that NVIDIA misappropriated Valeo's trade secrets relating to parking and driving assistance technology, in violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836, 1837, and the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq*. Dkt. No. 1. In response to Valeo's Request for Production ("RFP") No. 2, NVIDIA has made source code for an OEM software development project available for inspection, reflecting the status of the source code as of some date in July 2024. Dkt. No. 66 at 2, 5. However, the

OEM project for which NVIDIA is developing software is not yet complete, and NVIDIA continues to write code. *Id.* Fact discovery closes on October 24, 2024. *Id.* at 7.

Valeo argues that because NVIDIA will continue to write code for the OEM project after fact discovery closes, it should be required to update its source code production after that date by providing, for example, "monthly updates until the start of production of the [OEM] project." *Id.* at 2-3 & n.1. NVIDIA responds that it will continue producing code through the close of fact discovery, but that it has no obligation to produce code developed after that date because its prior productions could not be considered incomplete as of the close of fact discovery. *Id.* at 6. NVIDIA also argues that Valeo has no non-speculative basis for suggesting that NVIDIA may "delay the creation of code incorporating Valeo's trade secrets until after" the close of fact discovery. *See id.* at 3, 5.

Rule 26(e) provides, in relevant part, that a party who has responded to a request for production must timely supplement or correct its response "if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). The Court agrees with Valeo that NVIDIA has an affirmative duty to supplement its discovery responses, including its document production, under Rule 26(e), and that this duty extends past the close of discovery. *See In re Google RTB Consumer Priv. Litig.,* No. 21-cv-02155-YGR (VKD), 2023 WL 3046793, at *2 (N.D. Cal. Apr. 21, 2023). However, NVIDIA's duty is triggered only if it learns that its prior production is materially incomplete or incorrect. *Id.*

This dispute is unusual in that the discovery material in question—i.e. production of NVIDIA's source code responsive to Valeo's document requests—is not limited to events that occurred in the past, but encompasses NVIDIA's alleged ongoing use of Valeo's trade secrets in connection with NVIDIA's work on the OEM project. These circumstances distinguish this dispute from cases like *Dong Ah Tire & Rubber Co.*, in which the relevant discovery concerned events that occurred well before the discovery cutoff date. *See Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-cv-3359 JF (RS), 2008 WL 4786671, at *1-2 (N.D. Cal. Oct. 29, 2008)

1  (rejecting the contention that relevance alone triggers the duty to supplement); *see also id.* at *2

2  ("The duty to supplement under Rule 26(e)(1) is directed to documents generated during the

3  relevant time frame previously not produced but subsequently discovered."). Here, NVIDIA's

4  work on the OEM project is expected to continue into 2025, and thus the "relevant time frame" for

5  this action may extend beyond the current fact discovery deadline. Dkt. No. 81. However, as

6  another judge in this district has observed, "the duty to supplement under Rule 26(e) does not

7  automatically supersede the fact discovery cutoff as to developments thereafter that relate to prior

8  requests for discovery made before the cutoff." *Our Children's Earth v. Leland Stanford Junior

9  Univ.*, No. 13-cv-00402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015); *see also In re

10 Google RTB Consumer Priv. Litig.,* 2023 WL 3046793, at *2 ("The fact that responsive

11 documents similar to those previously produced by a custodian have continued to accumulate in

12 that custodian's files during the course of litigation does not automatically render the prior

13 production materially incomplete or incorrect.").

14 The plain language of Rule 26(e)(1) makes clear that the trigger for supplementation is

15 when a party learns that its prior production is "incomplete" or "inaccurate" "in some material

16 respect." The Court disagrees with NVIDIA that so long as its source production is up-to-date as

17 of the close of fact discovery, it need not consider whether subsequent changes to the source code

18 render that prior production an "incomplete" or "inaccurate" representation of the code. If

19 NVIDIA makes "material" changes to the responsive portions of the OEM project source code[1]

20 after the close of fact discovery, then it will have a duty to supplement its production unless

21 "additional or corrective information" regarding such material changes has otherwise been made

22 known to Valeo. *See Switch Communications Group v. Ballard*, No. 2:11-cv-00285-KJD, 2012

23 WL 2342929, at *7 (D. Nev. June 19, 2012) (concluding that Rule 26(e) required defendant to

24 produce documents generated after its earlier discovery responses "to the extent they materially

25 affect the completeness or correctness of the previous responses," such as "documents relating to

---

[1] The parties' joint discovery dispute letter alludes to, but does not address, a possible dispute about the scope of NVIDIA's source code production. The Court does not have any basis to resolve that dispute here.

3

continuing efforts to design or build a data center facility that allegedly incorporates [plaintiff's] trade secrets"). If NVIDIA does not make material changes to the responsive portions of the source code after the close of fact discovery, then it will have no duty to supplement its production. Thus, the Court rejects Valeo's argument that NVIDIA should be required to make monthly source code productions after the close of fact discovery, merely because NVIDIA continues to work on that code.

As discussed at the hearing, the Court encourages the parties to consider and agree upon a date after the close of fact discovery on which NVIDIA will make a supplemental production of responsive portions of its source code, *if warranted* under Rule 26(e), with a view toward avoiding disruption of other pretrial deadlines (*e.g.* expert disclosures) set by the presiding judge.

**IT IS SO ORDERED.**

Dated: August 23, 2024

Virginia K. DeMarchi
United States Magistrate Judge