UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 23-cv-05721-EKL (VKD)<br><br>**ORDER RE SEPTEMBER 25, 2024 DISCOVERY DISPUTE RE NVIDIA'S INTERROGATORIES NOS. 7, 14, 16, 17, AND 20**<br><br>Re: Dkt. No. 105 |

Plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") and defendant NVIDIA Corporation ("NVIDIA") ask the Court to resolve their dispute regarding Valeo's responses to NVIDIA's Interrogatories Nos. 7, 14, 16, 17, and 20. Dkt. No. 105. The Court held a hearing on this dispute on October 8, 2024. Dkt. Nos. 134, 138.

For the reasons explained below, the Court orders Valeo to supplement its responses to Interrogatories Nos. 16 and 17.

**I.     BACKGROUND**

In this trade secret misappropriation action, NVIDIA asks the Court to order Valeo to supplement its answers to several interrogatories concerning Valeo's evidence of and contentions about its misappropriation claims and damages theories. Valeo responds that as to some of the disputed interrogatories, its responses are complete, and as to others, it cannot supplement its responses until it obtains additional discovery from NVIDIA.

**II.    DISCUSSION**

**A.     Interrogatories Nos. 7 and 20**

Interrogatory No. 7 asks Valeo to state all facts supporting Valeo's allegation that NVIDIA

has used any "improperly acquired" Valeo trade secrets. Dkt. No. 119-3 at 16. Interrogatory No. 20 asks Valeo to identify, for each trade secret, "the precise location(s)" in NVIDIA's source code or document production that Valeo contends reflect NVIDIA's misappropriation of the particular trade secret. Dkt. No. 106-5. NVIDIA advises that Valeo provided substantive answers as to some, but not all, of Valeo's 20 alleged trade secrets. Dkt. No. 105 at 2; *see also* Dkt. No. 119-3; Dkt. No. 106-5. NVIDIA argues that, at a minimum, Valeo should be required to commit that it will make no further amendments to its answers to Interrogatories Nos. 7 and 20 based on references to NVIDIA's source code. Dkt. No. 138 at 25:2-5; *see also* Dkt. No. 105 at 2. Valeo responds that it has answered both interrogatories, and that its answers are current as of the date of its most recent responses. Dkt. No. 105 at 4-5. Valeo argues that it should not be prevented from supplementing its answers, including with respect to source code references, as it obtains additional discovery from NVIDIA, some of which may lead Valeo to re-examine source code and other documentation that has already been produced. Dkt. No. 138 at 91:10-92:2; 92:5-16; 93:23-94:2; 94:10-18.

The Court is not persuaded that the preclusion order NVIDIA seeks would be fair to Valeo, given that NVIDIA has not yet completed its production of documents or other information relating to access to and use of the trade secrets at issue by Mr. Moniruzzaman and others at NVIDIA. Valeo has an obligation to timely supplement its interrogatory answers, pursuant to Rule 26(e), and it must continue to comply with that requirement.

**B.     Interrogatory No. 14**

Interrogatory No. 14 asks Valeo to describe the amount of damages it claims and each damages theory on which it relies, as well as the facts that support both the amount and the theory. Dkt. No. 119-4 at 3. NVIDIA argues that Valeo's interrogatory response is incomplete with respect to the facts supporting Valeo's damages theories. Dkt. No. 105 at 3-4. Valeo responds that it has responded to this interrogatory with the facts it has available, and that it will not be able to supplement until NVIDIA produces additional financial information. *Id.* at 6-7.

During the hearing, the Court and the parties discussed the current status of Valeo's damages theories and the information available to support those theories. The Court is not

persuaded that Valeo has failed to disclose the damages theories or the facts on which it presently intends to rely, and sees no justification for an order requiring Valeo to supplement its answer at this time. Again, Valeo has an obligation to timely supplement its interrogatory answer, pursuant to Rule 26(e), and it must continue to comply with that requirement.

### C. Interrogatory No. 16

As narrowed by NVIDIA in advance of the hearing, Interrogatory No. 16 asks Valeo to describe its successful and unsuccessful bids for any projects for which Valeo proposed an automated parking solution embodying the alleged trade secrets, for a six-year period beginning in 2018. The interrogatory also seeks a description of "any related bids, proposals, scope of work, or other information" submitted by Valeo, and requires an identification of the person most knowledgeable about the bid. *See* Dkt. No. 119-4 at 23; Dkt. No. 138 at 86:15-87:11.

Valeo does not object to providing information showing revenue from relevant contracts for which it successfully bid, but it objects to producing information regarding its unsuccessful bids, and further objects to collecting and "describing" all of the underlying and related documents to which Interrogatory No. 16 refers. Dkt. No. 105 at 6. Valeo explains that not only is such a request extremely burdensome, but it also implicates confidential information of the third parties who received or solicited bids. *Id.*

Based on the discussion at the hearing, the Court agrees that Interrogatory No. 16 is overbroad and unduly burdensome to the extent it requires Valeo to identify and describe all bids, as well as any related bids, proposals, scope of work, or "other information." However, some of the information NVIDIA seeks, including about Valeo's unsuccessful bids, is relevant to the parties' disputes about the economic value of the alleged trade secrets, apportionment, and causation for damages. An interrogatory is an appropriate vehicle for obtaining this information.

Accordingly, with respect to Valeo's successful and unsuccessful bids, in which it proposed an automated parking solution embodying the alleged trade secrets during the six-year period beginning in 2018, Valeo shall provide the following information in response to Interrogatory No. 16: (1) the name of the customer who received or solicited the bid; (2) whether the bid was successful or unsuccessful; (3) a concise statement of the reason(s), if known, that the

1 bid was successful or unsuccessful; and (4) the identity of the person or persons most
2 knowledgeable about the bid. If Valeo must first obtain the permission of a third party before
3 disclosing some or all of this information in an interrogatory answer, it shall promptly take steps to
4 obtain such permission. If Valeo is unable to obtain permission from the third party, it shall so
5 advise NVIDIA, and the parties shall confer regarding whether court intervention is required.

### D.     Interrogatory No. 17

Interrogatory No. 17 asks Valeo to describe, for each alleged trade secret, why Valeo contends that the trade secret could not have been reverse engineered, independently developed, or readily ascertained. And, to the extent that any alleged trade secret could have been reverse engineered, independently developed, or readily ascertained, the interrogatory asks Valeo to describe the amount of time required for those activities. Dkt. No. 119-4 at 25. NVIDIA argues that this interrogatory seeks information relevant to whether the alleged trade secrets qualify for protection as trade secrets in the first instance, or whether they could have been independently derived without significant effort. Dkt. No. 105 at 3. Valeo responds that it has already explained in response to other discovery requests that NVIDIA did not independently derive any of the alleged trade secrets, but misappropriated them from Valeo instead, and it contends that it is NVIDIA's burden to prove that it independently developed the alleged trade secrets. *Id.* at 5-6.

As discussed at the hearing, the question of which party bears the burden of proof on each element of a claim or defense does not inform whether NVIDIA may obtain discovery on the nature of Valeo's alleged trade secrets; the information sought need only be relevant to a claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Thus, if Valeo contends that its alleged trade secrets could not be reversed engineered, independently developed, or readily ascertained—at all, or at least not without the expenditure of significant time and effort—it must explain why it contends this is so in response to Interrogatory No. 17.

### III.     CONCLUSION

The Court orders Valeo to supplement its answers to Interrogatories Nos. 16 and 17, consistent with the direction provided above, by **November 8, 2024**, unless the parties agree to a different date. The Court denies the other relief NVIDIA requests.

4

**IT IS SO ORDERED.**

Dated: October 18, 2024

                                                    Virginia K. DeMarchi
                                                   United States Magistrate Judge