UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>              Plaintiff,<br><br>      v.<br><br>NVIDIA CORPORATION,<br><br>              Defendant. | Case No. 23-cv-05721-EKL (VKD)<br><br>**ORDER RE SEPTEMBER 25, 2024 DISCOVERY DISPUTE RE NVIDIA FINANCIAL DOCUMENTS**<br><br>Re: Dkt. No. 103 |

Plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") and defendant NVIDIA Corporation ("NVIDIA") ask the Court to resolve their dispute regarding NVIDIA's production of certain financial documents. Dkt. No. 103. The Court held a hearing on this dispute on October 8, 2024. Dkt. Nos. 134, 138.

In view of the discussion at the hearing, and to the extent it has not already done so, NVIDIA shall produce documents consistent with the direction provided in this order.

**I.    BACKGROUND**

In this trade secret misappropriation action, Valeo seeks documents from NVIDIA in connection with preparation of its damages analysis. This dispute concerns Valeo's Request for Production ("RFP") No. 71, which asks NVIDIA to produce:

> Documents sufficient to show sales information and projections, financial reports, price lists, market share, business plans, marketing materials, and data regarding NVIDIA's revenues, profits, costs, and expenditures for parking assistance code, parking assistance functionalities, software for the processing of data from ultrasonic

sensors, and/or the OEM Project.[1]

Dkt. No. 103-1 at 11.  According to Valeo, NVIDIA refuses to produce three categories of documents that Valeo says are responsive to RFP 71:

> 1. Forecast models showing projected revenue and costs for the accused parking and driving assistance technology.
> 2. Forecasts/projections specific to OEM contracts.
> 3. Documents sufficient to show financial information, such as projected and actual costs, revenue, and profits, for and relating to the accused technology.

Dkt. No. 103 at 1-2.  NVIDIA responds that it has already produced documents sufficient to show each item of information in RFP 71 and argues that Valeo seeks burdensome discovery of documents beyond the scope of RFP 71.  *Id.* at 5.

## II. DISCUSSION

As discussed at the hearing, RFP 71 requests "documents sufficient to show" several categories of financial and business information—"sales information and projections, financial reports, price lists, market share, business plans, marketing materials, and data regarding NVIDIA's revenues, profits, costs, and expenditures"—for four technology or project categories: (1) "parking assistance code," (2) "parking assistance functionalities," (3) "software for the processing of data from ultrasonic sensors," and/or (4) "the OEM Project."  During the hearing, both parties clarified their respective positions on the three document categories in dispute.

### A. Forecast Models

Although Valeo argues in its discovery letter that NVIDIA is "selectively withholding certain financial models" from production, Valeo clarified during the hearing that it does not seek production of the models themselves, so much as the *projections* those models generate.  Dkt. No. 138 at 6:7-16, 63:21-64:12.  Valeo asserts that NVIDIA's production to date suggests that NVIDIA has ▓▓▓▓▓ financial models that it uses to generate projections on a quarterly or bi-annual basis.  Dkt. No. 103 at 2; Dkt. No. 138 at 9:12-17.

---

[1] The "OEM Project" is defined as "the project between Valeo, NVIDIA, and the major automotive OEM discussed in ¶ 9 of the Complaint."  Dkt. No. 103-1 at 15.

2

As an initial matter, NVIDIA disputes whether its historical projections of revenues and costs are relevant to any issue bearing on damages, given that it has produced *actual* revenues and costs for all relevant time periods up to the present. Dkt. No. 103 at 6. Valeo responds that historical projections are relevant to its efforts to quantify and apportion the actual or potential economic value of the claimed trade secrets, to assess the extent to which NVIDIA was unjustly enriched by past and potentially ongoing misappropriation of the trade secrets, and/or to calculate a running royalty for ongoing use of the claimed trade secrets if Valeo is successful in proving liability but fails to obtain an injunction. Dkt. No. 103 at 3; Dkt. No. 138 at 12:6-13:18; 15:20-16:7; 24:3-13. While the evidentiary value of historical projections is somewhat unclear when actual revenue and cost information is available for the time periods in question, the Court is persuaded that NVIDIA's historical projections may be relevant to one or more of Valeo's damages theories, to apportionment of the actual or potential economic value of the claimed trade secrets, and/or to a determination of whether Valeo is entitled to an injunction or other remedy if it prevails on liability, and as explained below, the burden on NVIDIA of producing projections generated on a regular basis in the ordinary course of its business is minimal.

At the hearing, NVIDIA explained that it generates projections ▮▮▮▮▮ ▮▮▮▮▮ and that it has produced all projections, typically generated on a quarterly basis, encompassing all four of the technology categories identified in RFP 71. Dkt No. 138 at 25:19-26:5; 29:6-11; 34:1-14; 36:1-9. Valeo disputed this representation, arguing that NVIDIA has produced an incomplete set of slide presentations in which the projections are described. *Id.* at 59:23-60:18. However, RFP 71 does not ask NVIDIA to produce *all* documents that refer to or describe revenue and cost projections, nor does it ask for slide presentations about these projections; instead, it asks for documents *sufficient to show* the projections themselves. It is not clear to the Court whether the slide presentations to which Valeo refers are the means by which the projections are captured, presented, and used by NVIDIA; if they are, then the slide presentations may well fall within the scope of RFP 71.

Accordingly, if NVIDIA has not already done so, it must produce its revenue and costs projections, generated on at least a quarterly basis in the ordinary course of NVIDIA's business,

1   for the portion of NVIDIA's business that includes the accused technology, for the relevant time
2   period, whether those projections are captured in slide presentations or in some other document.

### B.  Forecasts/Projections Specific to OEM Contracts

Valeo argues that NVIDIA should be ordered to produce its forecasts and projections of revenues and costs for the OEM projects discussed at the hearing (and any others that concern ultrasound perception for automated parking). Dkt. No. 103 at 3. Specifically, Valeo asks for NVIDIA's ■■■■■ projections, as well as ■■■■■ forecasts provided to its OEM partners, including projections and forecasts related to the ■■■■■■■■ aspects of the OEM projects.

In the discovery letter and during the hearing on this matter, NVIDIA represented that it has produced in spreadsheet form ■■■■■■■■■■■■■■■■ its forecasts and projections, together with the projections generated by ■■■■■ for each OEM project and documents sufficient to show actual revenue and costs for those projects. Dkt. No. 103 at 7; Dkt. No. 138 at 29:12-20; 32:24-33:2. Valeo objects that this cannot be so because the forecasts and projections NVIDIA cites in its discovery letter as examples of what it has produced are limited to ■■■■ forecasts only, are outdated, and do not include forecasts of ■■■■■■■. Dkt. No. 103 at 3.

For the avoidance of doubt, if NVIDIA has not already done so, it must produce its ■■■■■ ■■■■■■ revenue and costs forecasts and projections specific to each of the OEM projects at issue (and any others that concern ultrasound perception for automated parking), including any ■■■■■■■■■ component, to the extent such forecasts and projections are generated in the ordinary course of NVIDIA's business, for the relevant time period.

### C.  Financial Data for Accused Technology

Valeo contends that NVIDIA has not produced documents sufficient to show NVIDIA's financial data, such as projected and actual costs, revenue, and profits, relating to the accused technology at a sufficiently granular level or with sufficient specificity. Dkt. No. 103 at 4. NVIDIA responds that it has produced its financial data, in detail, at the level of granularity that NVIDIA maintains the information in the ordinary course of its business. *Id.* at 7-8. NVIDIA provides a detailed description of what it has produced, including excerpted screen shots showing

4

1  the data fields it has provided.  *Id.*

2  NVIDIA's counsel stated at the hearing that he "[was] not aware that [NVIDIA] track[s]
3  . . . financial data" for revenue and projections corresponding to the ultrasound perception
4  technology at issue in this case, but that the company does maintain financials specific to the
5  ███████████, and within that sector, data specific to ███████████.  Dkt. No. 138 at
6  47:24-48:4; 49:16-23; *see also* Dkt. No. 3 at 8.  Information regarding NVIDIA's cost structure is
7  available at a greater level of detail than for revenue.  Dkt. No. 138 at 51:3-5.

8  If NVIDIA has produced the financial data it has for the relevant period, and if it does not
9  maintain financial data at a greater level of granularity or specificity than what it has produced,
10 then NVIDIA has satisfied its obligation to comply with this aspect of RFP 71; otherwise, it must
11 supplement its production of financial data.

## III.   CONCLUSION

NVIDIA shall produce any additional documents responsive to RFP 71, consistent with the direction in this order, by **November 1, 2024**, unless the parties agree to a different date, and shall advise Valeo in writing that its production as to RFP 71 is complete.

**IT IS SO ORDERED.**

Dated: October 18, 2024

Virginia K. DeMarchi
United States Magistrate Judge