UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NVIDIA CORPORATION,<br><br>　　　　　Defendant. | Case No. 23-cv-05721-EKL (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES FILED DECEMBER 26, 2024**<br><br>Re: Dkt. Nos. 169, 171, 172, 173 |

On December 26, 2024, the parties filed four discovery dispute letters, all of which concern complaints by plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") regarding defendant NVIDIA Corporation's ("NVIDIA") responses to Valeo's discovery requests. Dkt. Nos. 169, 171, 172, 173. The Court held oral argument on these disputes on January 7, 2025. Dkt. No. 180.

As NVIDIA observes, all four of the discovery dispute letters are untimely, in view of Judge Lee's standing order, which provides in relevant part: "The close of fact discovery is the date by which all discovery must be completed, including motions to compel, hearings on discovery motions, and any additional discovery resulting from orders on discovery motions." Standing Order for Civil Cases Before Judge Eumi K. Lee at 4. Because fact discovery closed on December 18, 2024, these discovery dispute letters do not comply with the requirements of the presiding judge's standing order. However, as Valeo notes, the operative case management order entered by Judge Pitts, to whom the case was earlier assigned, provides in relevant part: "Any disputes with respect to discovery or disclosure are referred to the assigned Magistrate Judge. Discovery motions must be filed no more than seven days after the applicable discovery cutoff.

*See* Civil L.R. 37-3." Dkt. No. 39 at 2. If not for the provisions in Judge Lee's standing order, the filing of these discovery dispute letters would not be untimely. *See* Civil L.R. 37-3; Fed. R. Civ. P. 6(a)(1)(C). Although the parties were aware that several discovery disputes remained as of the close of discovery on December 18, 2024—including disputes that had been briefed and those that had not—neither party raised any concerns about, or sought clarification regarding, the discrepancies between the case management order and the standing order with respect to submission of these remaining discovery disputes for resolution. *See generally* Dkt. No. 185 (transcript of December 18, 2024 case management conference); *see also* Dkt. No. 165 at 7 (section on "identified discovery disputes").

Moreover, even if the Court considers these disputes timely filed under Civil Local Rule 37-3, three of the four disputes do not comply with the undersigned magistrate judge's requirements for resolution of discovery disputes. Standing Order for Civil Cases Before Magistrate Judge Virginia K. DeMarchi at 3-4. Specifically, with respect to the letters filed at Dkt. Nos. 171, 172, and 173, Valeo did not allow adequate time for the parties to confer in good faith to resolve the disputes without the Court's assistance, nor did Valeo allow adequate time for preparation of the joint discovery dispute letters.

Nevertheless, the Court heard from both parties regarding the merits of all four discovery disputes on January 7, 2025. Based on the discussion at the hearing, the Court believes that most of the matters raised can be resolved expeditiously on the merits, as follows:

**1.      Dkt. No. 169 – NVIDIA's production of responsive custodial ESI**

As discussed at the hearing, the large discrepancy between the number of documents hit by search terms and the number of documents NVIDIA has determined are responsive to Valeo's document requests does not necessarily show that NVIDIA has withheld from production documents that are responsive and that should have been produced. However, it is difficult for the Court to assess the merits of Valeo's complaints about NVIDIA's production without additional information about how the production compares to the documents collected by application of search terms.

To assist the parties and the Court in finally resolving this dispute, the Court directs the

2

parties to conduct an "experiment" as follows: Valeo identifies a single custodian from among the custodians listed on pages 2-3 of Dkt. No. 169; NVIDIA provides a list of the control numbers for all documents for that custodian that were hit by a search term but were *not* produced; Valeo selects 100 of those control numbers; NVIDIA screens the 100 not-produced documents corresponding to the selected control numbers for privilege/protection only, and then shares the remainder with Valeo; Valeo reviews the shared documents for responsiveness. If Valeo believes any of the shared documents should have been produced as responsive to its document requests, Valeo must so advise NVIDIA, and the parties must confer thereafter. If a dispute remains regarding whether this experiment suggests a problem with NVIDIA's review for responsiveness that requires the Court's attention, the parties shall file a further joint discovery dispute letter regarding this matter. Otherwise, the parties shall file a status report informing the Court that no further action regarding this matter is necessary.

The parties shall confer and jointly propose a schedule for promptly accomplishing the tasks outlined above for purposes of this experiment, including a date for a further joint discovery dispute letter, if necessary, or alternatively a status report. They shall file their proposed schedule with the Court no later than **January 14, 2025**.

### 2. Dkt. No. 171 – Hyperlinked Perception Team documents and .bin files

At the hearing, NVIDIA offered to identify by Bates numbers the Perception Team documents that it recently produced; it shall do so. Valeo represents that there are approximately 10 documents that contain hyperlinks to Perception Team documents, and Valeo asks NVIDIA to produce each such hyperlinked document. NVIDIA must produce the hyperlinked documents if they can be identified.

NVIDIA must also produce the .bin files Valeo has identified in readable format.

The Court expects Valeo to reciprocate with respect to similar requests made by NVIDIA for production of hyperlinked documents or unreadable files in readable format.

### 3. Dkt. No. 172 – Production of financial projections

The Court previously ordered NVIDIA to produce revenue and costs projections, generated on at least a quarterly basis in the ordinary course of NVIDIA's business, for the portion of

3

1 NVIDIA's business that includes the accused technology, for the relevant time period. Dkt. No. 141 at 3-4. At the hearing, NVIDIA represented that it has complied with this order to the extent projections are available.

NVIDIA shall provide to Valeo the Bates numbers of the documents corresponding to these projections no later than **January 13, 2025**.

**4.     Dkt. No. 173 – Rule 30(b)(6) topics 26, 39, 134, 136, 170, 171, 178**

As discussed at the hearing, the excerpt of Sangmin Oh's deposition testimony provided by Valeo does not support Valeo's contention that Mr. Oh was not prepared to testify regarding Topic 39. Valeo's request for relief as to this topic is denied.

As to the remaining topics, the excerpt of Ali Kani's deposition testimony provided by Valeo reflects that Mr. Kani was *not* prepared to testify regarding Topic 26; however, it appears the parties disagree regarding the topic or topics for which Mr. Kani was designated. Similarly, the parties appear to disagree about the topics for which Ms. Sanville was designated.

After conferring, the parties shall jointly advise the Court regarding which topics are at issue and whether a dispute remains regarding whether NVIDIA's corporate representatives were prepared to testify to those topics. The parties shall file a joint status report regarding this matter by **January 10, 2025**, including a proposal for resolution of any remaining disputes.

* * *

This order requires the parties to engage in additional fact discovery efforts after the December 18, 2024 fact discovery deadline, which is contrary to the requirements in Judge Lee's standing order regarding the time for completion of fact discovery. Accordingly, once the parties have made the additional filings required in this order, and the Court has set deadlines for the completion of these discovery efforts, the Court will require the parties to seek an extension of the fact discovery deadline for the limited purpose of completing these specific discovery efforts, by application to Judge Lee.

//

//

//

4

**IT IS SO ORDERED.**

Dated: January 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge