UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>          Plaintiff,<br><br>     v.<br><br>NVIDIA CORPORATION,<br><br>          Defendant. | Case No. 23-cv-05721-EKL (VKD)<br><br>**ORDER DENYING VALEO'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION**<br><br>Re: Dkt. No. 151 |

Plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") moves for issuance of a letter of request for documents under the Hague Evidence Convention to non-party Mercedes-Benz Group AG ("Mercedes") in Stuttgart, Germany. Dkt. Nos. 151, 152.[1] Defendant NVIDIA Corporation ("NVIDIA") opposes the motion. Dkt. No. 161. The Court held oral argument on the motion on January 7, 2025. Dkt. No. 180.

Having considered the moving and responding papers and the parties' arguments at the hearing, the Court denies Valeo's motion.

I.     **BACKGROUND**

Valeo employed Mr. Mohamed Shawki Elamir as a systems engineer in Germany for several years until he left the company in December 2021. *See* Dkt. No. 161-3 at ECF 3. In January 2022, Mr. Elamir began work as a senior systems engineer for Mercedes, also in

---

[1] Valeo is reminded that in this District a motion and its supporting memorandum must be filed as a single document not exceeding 25 pages. *See* Civil L.R. 7-2(b). In this order, the Court cites principally to Valeo's separately filed memorandum at Dkt. No. 152, and not the motion at Dkt. No. 151.

Germany. *See id.* at ECF 2. At some point (perhaps in 2024), Mr. Elamir left Mercedes and joined NVIDIA. *See* Dkt. No. 152 at 1; Dkt. No. 164 at 2 (referring to edits in NVIDIA code made by Mr. Elamir in July 2024).

Meanwhile, in early 2021, Mercedes awarded NVIDIA a contract to provide certain software for advanced parking and driving assistance to Mercedes. *See* Dkt. No. 152 at 2; Dkt. No. 1 ¶¶ 9-10, 50, 53. At the same time, Mercedes awarded Valeo a contract to provide ultrasonic sensors for advanced parking and driving assistance to Mercedes. Dkt. No. 1 ¶¶ 9-11, 49-51.

Valeo filed a motion for issuance of a letter of request on November 18, 2024. Dkt. No. 152. The motion asks the Court to issue a letter of request under Article 3 of the Hague Evidence Convention asking the German Central Authority to "cause Mercedes-Benz Group AG to produce" several categories of documents. Dkt. No. 152-1 at 6. The proposed letter of request recites that "[t]he evidence sought has a direct and necessary link with the civil lawsuit over which [the Court] is currently presiding, and it is expected to be offered as evidence at trial in this matter." *Id.* at 1. In addition, the proposed letter states that the request "is of an urgent nature as the discovery in this matter will close on December 18th, 2024," and asks that "the requested documents be produced by at least December 18th, 2024, or as early thereafter as possible." *Id.* at 2.

In support of its motion, Valeo makes the following assertions "on information and belief":

- "[A]fter failing to independently develop the technology needed for advanced driver assistance systems, NVIDIA brazenly recruited and induced two former Valeo employees to steal Valeo's trade secrets." Dkt. No. 152 at 1.
- "[Mr. Elamir], started working for NVIDIA just days after the first employee [Mr. Moniruzzaman] was terminated, and is picking up where the other left off." *Id.*
- "[T]hese two employees were hired by NVIDIA notwithstanding reservations about their skills . . . because they would bring over Valeo's trade secrets and know-how when recruited by NVIDIA." *Id.* at 1-2.
- "[D]uring the Mercedes OEM project ("OEM project"), NVIDIA encountered multiple delays and problems." *Id.* at 2.

2

- "Mercedes and Elamir, who was a Mercedes employee at the time, would have documented, discussed, and evaluated the capabilities and faults of NVIDIA's parking and driving assistance technology to determine how it would affect the timelines for, and the success and profitability of, the OEM project." *Id.*

In its reply, Valeo additionally asserts that it discovered in July 2024 that "Mr. Elamir implemented Valeo trade secrets in NVIDIA's source code in the July 3, 2024 version made available for review." Dkt. No. 164 at 2. According to Valeo, in late August 2024, NVIDIA produced notes from its employment interviews with Mr. Elamir. *Id.* And in late October 2024, NVIDIA identified additional documents regarding its recruitment and hiring of Mr. Elamir, although Valeo suggests the production was deficient. *Id.* at 2-3.

## II.  LEGAL STANDARD

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 8, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Evidence Convention" or "Convention"), "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). A federal district court may transmit a "letter of request" for evidence directly to the Central Authority designated by another party to the Convention for execution. *See* Hague Evidence Convention, Art. 2; 28 U.S.C. § 1781(b)(2). The United States and Germany are both signatories to the Convention. *See* *https://www.hcch.net/en/instruments/conventions/status-table/?cid=82*.

Where the requirements of the Convention are met, courts in the Ninth Circuit generally grant motions requesting issuance of a letter of request, unless the opposing party identifies a good reason to deny the application. *See Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, No. 17-cv-00308-WHO, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020) (citing *S.E.C. v. Leslie*, 07-cv-03444 JF (PVT), 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009)); *see also WebPros Int'l, LLC v. Asli*, No. 22-cv-01963-IM, 2024 WL 3064985, at *2 (D. Or. June 20, 2024) (summarizing cases). Like all discovery, such motions must comply with the standards of Rule 26(b), which provides that "[p]arties may obtain discovery regarding any

1 nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).
2 Likewise, a motion for issuance of a letter of request is subject to the case management schedule
3 set by the district court.

### III. DISCUSSION

NVIDIA objects to issuance of Valeo's proposed letter of request on the ground that Valeo unduly delayed bringing its motion, such that the documents it seeks could not be obtained until after the close of fact discovery. In addition, the Court raised *sua sponte* whether the proposed letter of request complies with the requirements of the Hague Evidence Convention, in view of Germany's declarations. The Court address both issues.

#### A. Whether Valeo's Motion Is Untimely

Civil Local Rule 37-3 provides that "[d]iscovery requests that call for responses . . . after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Civil L.R. 37-3. NVIDIA observes that because Valeo did not file its motion until November 18, 2024, one month before the December 18, 2024 close of fact discovery, the motion could not be heard, and the letter of request could not issue, until after the fact discovery cut-off. Dkt. No. 161 at 3-4; *see also* Civil L.R. 7-2(a) (requiring 35 days' notice for hearings on motions).

According to NVIDIA, Valeo has known since at least May 30, 2024 that its former employee, Mr. Elamir, worked on the same functionality that Mr. Moniruzzaman had previously worked on, *see* Dkt. No. 161 at 1; Dkt. No. 162-2 (amended response to Interrogatory No. 2), and Valeo has known "for years" that after Mr. Elamir left Valeo's employ, he worked for Mercedes, *see* Dkt. No. 161 at 2; Dkt. No. 161-3.

Valeo does not dispute that since at least July 2024 it had knowledge of Mr. Elamir's employment at Mercedes and his subsequent role at NVIDIA, including the specific work Mr. Elamir performed on NVIDIA's source code. *See* Dkt. No. 164 at 2. Valeo's arguments that it required more information regarding Mr. Elamir's "recruitment and hiring" by NVIDIA before it could reasonably seek documents from Mercedes, *see id.* at 2, 4, are not persuasive for at least two reasons. First, several of the document requests in Valeo's proposed letter of request have nothing to do with Mr. Elamir, but instead concern NVIDIA's alleged motive to misappropriate Valeo's

4

trade secrets in aid of NVIDIA's performance of its contract with Mercedes. *See* Dkt. No. 152 at 3-5. Yet, Valeo has known since early 2021 of NVIDIA's contract to supply advanced parking and driving assistance software to Mercedes and that Mercedes would have information regarding NVIDIA's performance of that contract. *See id.* at 2; Dkt. No. 1 ¶¶ 9-10, 50, 53. Second, to the extent Valeo seeks documents from Mercedes regarding Mr. Elamir's observations and communications while employed there, Valeo has known for a long time that Mr. Elamir worked as a systems engineer on parking assistance technology for Mercedes, and Valeo concedes that it has known since July 2024 the nature of Mr. Elamir's subsequent work for NVIDIA. *See* Dkt. No. 164 at 2. In these circumstances, Valeo has not shown good cause for waiting until November 18, 2024 to seek issuance of a letter of request directed to Mercedes, knowing that if the motion was granted, such letter would not be issued until *after* the December 18, 2024 close of fact discovery.[2]

When pressed on the timing of its motion at the hearing, Valeo explained that its letter of request does not seek discovery, but rather impeachment evidence or evidence to refresh recollection at trial. Dkt. No. 180. However, while Valeo (like all litigants) may expect to use some of the documents it requests from Mercedes at trial, the letter of request does not identify any specific evidence in Mercedes's possession, but instead describes categories of documents that *may* exist. *See* Dkt. No. 152 at 3-4. This is classic pretrial discovery. Moreover, the proposed letter clearly contemplates obtaining any responsive documents as part of discovery. *See* Dkt. No. 152-1 at 2 ("This Letter of Request is of an urgent nature as the discovery in this matter will close on December 18th, 2024.").

The Court concludes that Valeo's motion for issuance of a letter of request for documents in Mercedes's possession was not timely filed, and no good cause excuses Valeo's delay.

### B.     Whether Valeo's Proposed Letter Complies with the Convention

Even if the Court permitted Valeo to proceed with its motion at this late date, the proposed letter of request does not comply with the requirements of the Hague Evidence Convention as it

---

[2] Valeo did not request expedited treatment of its motion. Also, it did not seek relief from the fact discovery deadline or from Judge Lee's standing order regarding the time for completion of fact discovery.

5

has been implemented in Germany.

Article 23 of the Hague Evidence Convention states: "A Contracting State may at the time of signature, ratification or accession, declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." 23 U.S.T. 2555, T.I.A.S. No. 7444. On April 27, 1979, Germany made the following declaration pursuant to Article 23 of the Convention: "The Federal Republic of Germany declares in pursuance of Article 23 of the Convention that it will not, in its territory, execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries." *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=502&disp=resdn. On July 28, 2022, Germany amended its Article 23 declaration, as follows:

> A Letter of Request issued for the purpose of obtaining pre-trial discovery of documents pursuant to Article 23 of the Convention shall only be executed if
> 1. the documents requested are described separately in detail,
> 2. the documents requested are of immediate and clearly recognisable relevance for the respective proceedings and their outcome,
> 3. the documents requested are in the possession of a party to the proceedings,
> 4. the Letter of Request does not violate fundamental principles of German law[,] and
> 5. to the extent the documents requested contain personal data, the requirements for the transfer of personal data to a third country pursuant to Chapter V of Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation) (OJ L 119, 4 May 2016, p.1; L 314, 22 November 2016, p. 2; L 127, 23 May 2018, p. 2; L 74, 4 March 2021, p. 35) are met.

*See id.*

Valeo does not address Germany's current Article 23 declaration in its motion, even though Valeo bears the burden of demonstrating compliance with the Convention's requirements.

6

*See generally* Dkt. No. 152. However, a review of the document requests directed to Mercedes reveals that the proposed letter of request does not meet the criteria in Germany's Article 23 declaration. The documents sought are not "described separately in detail"; rather, categories of documents that may exist are described collectively. The documents sought are not "in the possession of a party to the proceedings"; Mercedes is a non-party. In addition, Valeo has not demonstrated that "the documents requested are of immediate and clearly [recognizable] relevance for" the trial in this action. To the contrary, most of Valeo's assertions in support of the proposed letter are made "on information and belief," suggesting that it does not have any firm basis to conclude any of the documents it seeks actually exist. And even if, for example, Mercedes had a document showing it considered terminating NVIDIA's contract due to problems or delays, it is not immediately clear that such information is relevant to this action. Rather, Valeo *speculates* that, if NVIDIA experienced problems or delays, it might have had a motive to hire former Valeo employees to fix its problems and help it catch up by misappropriating Valeo's trade secrets.

At the hearing, Valeo argued that it is not seeking pretrial discovery of Mercedes, and so the limitations in Germany's Article 23 declaration do not apply. For the reasons explained above, the Court is not persuaded that Valeo seeks only trial evidence and not pretrial discovery. The proposed letter of request clearly seeks pretrial discovery of non-party Mercedes. But even if the Court were to accept Valeo's representation during the hearing that whatever documents it obtains from Mercedes will be used *only* for impeachment or refreshing recollection of testimony Mr. Elamir may give at trial, Valeo does not identify any testimony by Mr. Elamir that Valeo anticipates might be subject to impeachment or that might require refreshing his recollection. Valeo acknowledged that it had an opportunity to depose Mr. Elamir during discovery in this action, but that it did not ask him about the matters described in Valeo's proposed document requests to Mercedes. Dkt. No. 180.

The Court concludes that Valeo's motion for issuance of a letter of request for documents in Mercedes's possession does not comply with the requirements of the Hague Evidence Convention, in view of Germany's Article 23 declaration.

## IV. CONCLUSION

For the reasons explained in this order, the Court denies Valeo's motion for issuance of a letter of request.

**IT IS SO ORDERED.**

Dated: January 10, 2025

Virginia K. DeMarchi
United States Magistrate Judge