UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NVIDIA CORPORATION,<br><br>　　　　　Defendant. | Case No.  23-cv-05721-EKL (VKD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART NVIDIA'S REQUEST TO SEAL DOCUMENTS**<br><br>Re: Dkt. No. 162 |

　　　　On December 2, 2024, defendant NVIDIA Corporation ("NVIDIA") filed an administrative motion to file materials under seal in connection with its opposition to plaintiff Valeo Schalter und Sensoren GMBH's ("Valeo") motion for a letter of request pursuant to the Hague Convention.  Dkt. No. 162.  NVIDIA seeks to seal the entirety of Exhibit A to its opposition, which consists of NVIDIA's responses to Valeo's Interrogatory No. 2.  Dkt. No. 162-2.

　　　　There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up).  However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).  *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80.  The discovery matters at issue here do not address the merits of either party's claims or

defenses, so the Court applies the "good cause" standard of Rule 26(c).

NVIDIA asserts that good cause supports sealing the information in Exhibit A because it "contains information about the organization of NVIDIA's source code, and identifies at least two specific functions in the source code." Dkt. No. 162-3 ¶ 2. NVIDIA further asserts that Exhibit A identifies "certain key NVIDIA employees, as well as the specific projects they have worked on." *Id.*

The Court is not persuaded that good cause exists to seal the entirety of the document. The document contains objections to the interrogatories and high-level descriptions of NVIDIA's technology and the work of its employees that does not reveal any non-public information. In particular, the individuals whose names appear on page 11 of the exhibit, including Mohammad Moniruzzaman and Mohamed Shawki Elamir, have already been disclosed publicly. *See, e.g.*, Dkt. No. 23 ¶ 52; Dkt. No. 152 at 1; Dkt. No. 173 at 2. While the Court agrees that good cause exists to the seal the names and responsibilities of NVIDIA employees whose work is not at issue for purposes of the present motion (page 9, lines 4-15 of the exhibit) and specific information describing NVIDIA's work on technology improvements that have not yet been disclosed (page 11, lines 12-14 of the exhibit), the Court finds that NVIDIA has not otherwise shown good cause to seal the remainder of the exhibit.

NVIDIA shall file a public redacted version of Exhibit A that conforms to this order **no later than January 24, 2025**.

**IT IS SO ORDERED.**

Dated: January 10, 2025

Virginia K. DeMarchi
United States Magistrate Judge