1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6                                  SAN JOSE DIVISION

7

8    VALEO SCHALTER UND SENSOREN          Case No. 23-cv-05721-EKL (VKD)
     GMBH,

9                  Plaintiff,             **REDACTED**

10        v.                              **ORDER RE FEBRUARY 6, 2025
                                          DISCOVERY DISPUTE RE**
11   NVIDIA CORPORATION,                  **ADDITIONAL DEPOSITIONS**

12                 Defendant.             Re: Dkt. No. 213

13

14        The parties ask the Court to resolve their dispute regarding Valeo's demand for the

15   depositions of three NVIDIA witnesses after the close of fact discovery.  Dkt. No. 213.  The Court

16   finds this matter suitable for determination without oral argument.  Civil L.R. 7-1(b).

17        Valeo argues that the Court should order NVIDIA to make Mr. Recla, Mr. Chandler, and

18   Ms. Morrison available for depositions now because NVIDIA produced hundreds of documents

19   from each witness's files after the close of discovery in January 2024, and that these documents

20   contain "substantial new facts."  *Id.* at 1; *see also id.* at 2-3.  NVIDIA responds that Valeo's

21   present demand for depositions is untimely and not supported by good cause.  *Id.* at 1.  It argues

22   that Valeo had an opportunity to depose each of these witnesses before the close of fact discovery,

23   but chose not to, and NVIDIA's recent document production reveals "no facts beyond those

24   previously disclosed in NVIDIA's discovery responses."  *Id.*; *see also id.* at 4-5.  As Valeo

25   acknowledges, *see id.* at 3, it has the burden to show good cause for taking these depositions after

26   the close of fact discovery.  Civil L.R. 37-3.

27        The Court has reviewed the documents Valeo contends contain new information not

28   previously disclosed.  Valeo's principal example is an email exchange between Arthur Rajala (an

NVIDIA engineer) and others, including Mr. Chandler and Ms. Morrison (Dkt. No. 208, Ex. D; Dkt. No. 209-6).  *Id.* at 2.  The parties disagree regarding whether the information in the email exchange relates to Valeo's trade secret claims.  *See id.* at 2, 5, Exs. 3, 4.  The Court is unable to resolve this disagreement on the record presented.  However, the email exchange does reflect that ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████, and both Mr. Chandler and Ms. Morrison were so advised as of August 11, 2022.  ███████████████████████████ ████████ ██████ █████████████████████████, but assuming it was not, Valeo does not explain how this new information bears on NVIDIA's internal investigation.  The Court has reviewed the affidavits of Mr. Recla, Mr. Chandler, and Ms. Morrison, as well as NVIDIA's responses to Valeo's interrogatories regarding the investigation, and has identified no statements that concern reversion of source code or other prophylactic or remedial measures taken by NVIDIA.  *See* Dkt. No. 179 at 2-7 (summarizing same).  While the recently-produced email exchange involving Mr. Rajala may be relevant to other issues in the case,[2] the Court is not persuaded that this document supplies good cause for belated depositions of Mr. Recla, Mr. Chandler, or Ms. Morrison.

The Court has also considered the other examples Valeo cites in support of its argument that there is good cause for the depositions it seeks.  *See* Dkt. No. 213 at 3.  Valeo's explanations regarding the significance of these other recently-produced documents are limited to a brief parentheticals.  *See id.*  While these documents may "provide additional facts and context" regarding the limitations of NVIDIA's investigation, as Valeo claims, the Court is not persuaded that Valeo would have been unable to obtain the same information had it timely deposed some or all of these three witnesses and asked obvious questions about information NVIDIA previously disclosed about its investigation.

---

[1] The Court provisionally seals certain information in this order, pending review of the related requests for sealing.  *See* Dkt. Nos.  214, 215.

[2] Mr. Rajala, the engineer who makes the statement Valeo says constitutes new information, was deposed in December 2024, and Valeo does not seek to reopen his deposition.  *See* Dkt. No. 213, Ex. 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   To the extent Valeo contends that the parties' deposition stipulation prevented it from

2   taking the depositions of Mr. Recla, Mr. Chandler, or Ms. Morrison before the close of discovery

3   when there was a possibility those witnesses might have to be recalled for further deposition, *see*

4   *id.* at 2 n.1, Valeo's argument is not persuasive.  The stipulation to which it refers specifically

5   contemplates that witnesses may be "recalled for a deposition about documents and/or emails

6   produced after the date of the witnesses' deposition" if a party obtains leave of the court for good

7   cause shown—the same standard that applies to Valeo's present request.  *See* Dkt. No. 65 ¶ 1.

8   And to the extent Valeo suggests that NVIDIA acknowledged at the December 2024 case

9   management conference that further depositions would be necessary, or that Judge Lee endorsed

10   the taking of these depositions, *see* Dkt. No. 213 at 4, the record simply does not support Valeo's

11   position.

12   For these reasons, the Court finds that Valeo was not diligent in seeking deposition

13   testimony from Mr. Recla, Mr. Chandler, and Ms. Morrison during the fact discovery period, and

14   it has not shown good cause to take their depositions after the close of discovery.  Valeo's request

15   for relief is denied.

16   **IT IS SO ORDERED.**

17   Dated: February 7, 2025

18

19

20   Virginia K. DeMarchi
     United States Magistrate Judge

21

22

23

24

25

26

27

28

3