UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 23-cv-05721-NW (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. No. 209, 214, 215 |

Plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") has filed several administrative motions to seal or to consider whether defendant NVIDIA Corporation's ("NVIDIA") material should be sealed in connection with the parties' recent discovery disputes. Dkt. Nos. 209, 214, 215. NVIDIA has filed declarations in support of sealing pursuant to Local Rule 79-5(f)(3). Dkt. Nos. 218, 219.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (cleaned up). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* at 1098-99; *Kamakana*, 447 F.3d at 1179-80. The discovery matters at issue here do not address the merits of either party's claims or defenses, so the Court applies the "good cause" standard of Rule 26(c).

**A.     Dkt. No. 208 and Exhibits:**

NVIDIA asserts that good cause exists to seal the requested information because it concerns: (1) the names of NVIDIA employees who are only "tangentially connected" to this litigation; (2) the names of specific, confidential NVIDIA internal projects and source code files; (3) descriptions of how NVIDIA systems and source code repositories are configured; (4) information about how NVIDIA assigns devices and network locations to employees; and (5) discussions of NVIDIA security measures and policies as well as the security and forensic tools employed by NVIDIA to investigate breaches of security. Dkt. No. 218 at 1, 4-5. NVIDIA asserts that disclosure of this information would not only be harmful to its competitive standing but "could be used to 'hack' or otherwise overcome NVIDIA's security systems." *Id.* at 5.

**B.     Dkt. No. 213 and Exhibits:**

NVIDIA asserts that good cause exists to seal certain portions of these materials because it concerns: (1) "substantial details regarding NVIDIA's autonomous driving features, algorithms, functions, names of NVIDIA's code files, and file paths"; (2) "details of NVIDIA's code development regarding autonomous driving"; (3) details regarding functions and features that were implemented into previous versions of NVIDIA's code; (4) "the names of two specific code repositories used by NVIDIA"; and (5) "NVIDIA's internal investigation and information security measures." Dkt. No. 219 at 1-3, 5. NVIDIA again asserts that release of this information would be harmful to its competitive standing as well as potentially compromising to NVIDIA's security. *Id.*

Similarly, Valeo asserts that good cause exists to seal other portions of these materials because the information contains: (1) the structure and names of folders of information comprising Valeo's source code; (2) information comprising Valeo's Trade Secrets, and (3) personal identifiable information of Valeo's employees. Dkt. No. 215 at 1-2.

**C.     Disposition**

The Court agrees that good cause exists to seal the information NVIDIA and Valeo have designated within these documents. Generally, the redactions proposed to the public versions of these documents are narrowly tailored to address the concerns they identify. *See* Civil L.R. 79-

1  5(c)(3). The Court notes, however, that the sealing of entire documents is strongly discouraged.
2  *See* Civil L.R. 79-5(a) ("A party must . . . avoid wherever possible sealing entire documents (as
3  opposed to merely redacting the truly sensitive information in a document)."). The parties are
4  reminded that, in the context of jointly filed reports or discovery disputes, they should confer
5  regarding which portions of discovery dispute letter, report or exhibits require sealing. Any
6  subsequent sealing motions should reflect only those necessary proposed redactions, whether the
7  motion is filed pursuant to Local Rule 79-5(c) or 79-5(f). Accordingly, the following materials
8  shall be sealed:

| Document | Portions to be Filed Under Seal |
|---|---|
| Joint Status Report re NVIDIA's Production of Investigation Documents (Dkt. No. 208) | Portions of the document as redacted by NVIDIA in Exhibit A (Dkt. No. 218-1) to the Declaration of Michael LaFond (Dkt. No. 218) |
| Exhibit A (Dkt. No. 208-1) | Portions of the document as redacted on the docket at Dkt. No. 119-3 |
| Exhibit C (Dkt. No. 208-3) | Entire Document |
| Exhibit D (Dkt. No. 208-4) | Entire Document |
| Exhibit E (Dkt. No. 208-5) | Entire Document |
| Exhibit F (Dkt. No. 208-6) | Entire Document |
| Exhibit G (Dkt. No. 208-7) | Entire Document |
| Exhibit H (Dkt. No. 208-8) | Entire Document |
| Exhibit I (Dkt. No. 208-9) | Entire Document |
| Joint Status Report re Additional Depositions (Dkt. No. 213) | Portions of the document as redacted by NVIDIA in Exhibit A (Dkt. No. 219-1) to the Declaration of Michael LaFond (Dkt. No. 219) |
| Exhibit 1 (Dkt. No. 213-1) | Entire Document |
| Exhibit 2 (Dkt. No. 213-2) | Portions of the document highlighted in yellow by Valeo at Dkt. No. 215-3 |
| | Portions of the document as redacted by NVIDIA in Exhibit B (Dkt. No. 219-2) to the Declaration of Michael LaFond (Dkt. No. 219) |

3

| Exhibit 3 (Dkt. No. 213-3) | Portions of the document already redacted at Dkt. No. 119-3 |
| --- | --- |
| Exhibit 4 (Dkt. No. 213-4) | Entire Document |
| Exhibit B (Dkt. No. 213-6) | Entire document except as to those portions publicly filed at Dkt. No. 119-3 |
| Exhibit C (Dkt. No. 213-7) | Portions of the document highlighted in yellow by Valeo at Dkt. No. 215-6 |

The Court however does not grant NVIDIA's request to seal Exhibit A to Dkt. No. 213 (Dkt. No. 213-5) in its entirety. NVIDIA does not show that the information it seeks to protect in this document—"(i) details of the German investigations, (ii) NVIDIA's actions in response to the German investigation, including modifications to the code, (iii) NVIDIA's internal code audit, and (iii) information about how NVIDIA's source code repositories are configured and reviewed"— require sealing of the entire document. Dkt. No. 219 at 4. Indeed, the Court notes that details of the investigation have already been filed publicly in connection with the parties' other discovery disputes. *See* Dkt. No. 99. NVIDIA shall file on the public docket a proposed redacted version of the document consistent with the Court's past orders approving sealing and redaction. *See* Dkt. Nos.136, 145.

Public redacted versions of many of the above-referenced documents are already available. To the extent such versions do not exist, the Court hereby orders:

1. **Exhibit A to Dkt. No. 208 (Dkt. No. 208-1):** Valeo shall file on the public docket a redacted version of this document that reflects the redactions at Dkt. No. 119-3 in compliance with this Court's order.

2. **Exhibit 2 to Dkt. No. 213 (Dkt. No. 213-2):** NVIDIA shall file an updated redacted version of this document which reflects Valeo's proposed redactions at Dkt. No. 215-3. The Clerk of the Court shall seal the currently redacted version on the docket (Dkt. No. 219-2).

3. **Exhibit 3 to Dkt. No. 213 (Dkt. No. 213-3):** Valeo shall file on the public docket a redacted version of this document that reflects the redactions at Dkt. No. 119-3 in compliance with this Court's order**.**

4

4. **Exhibit A to Dkt. No. 213 (Dkt. No. 213-5):** NVIDIA shall file on the public docket a proposed redacted version of this document consistent with the Court's prior sealing orders. *See* Dkt. Nos. 136, 145**.**

5. **Exhibit B to Dkt. No. 213 (Dkt. No. 213-6):** Valeo shall file on the public docket a redacted version of this document reflecting those portions of the document already made public at Dkt. No. 119-3. The remainder of the document shall be filed under seal.

6. **Exhibit C to Dkt. No. 213 (Dkt. No. 213-7):** Valeo shall file on the public docket a redacted version of this document that reflects its proposed redactions at Dkt. No. 215-6 in compliance with this Court's order.

7. **Exhibit D to Dkt. No. 213 (Dkt. No. 213-8):** Both parties have indicated that they do not seek sealing as to Exhibit D. Accordingly, the Court orders Valeo to file a public unredacted version of Exhibit D on the docket.

8. These filings shall be made **no later than April 18, 2025.**

**IT IS SO ORDERED.**

Dated: April 7, 2025

Virginia K. DeMarchi
United States Magistrate Judge

5