QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean S. Pak (Bar No. 219032)
  seanpak@quinnemanuel.com
  Andrew M. Holmes (Bar No. 260475)
  drewholmes@quinnemanuel.com
  Jodie W. Cheng (Bar No. 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Yury Kapgan (Bar No. 218366)
  yurykapgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Ron Hagiz (admitted *pro hac vice*)
  ronhagiz@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant NVIDIA Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Valeo Schalter und Sensoren GmbH,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA Corporation,<br><br>Defendant. | Case No. 5:23-cv-5721-NW-VKD<br><br>**DEFENDANT NVIDIA CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>▮▮▮▮▮▮▮▮▮▮▮<br><br>Judge:      The Hon. Noël Wise<br>Courtroom:  8, 4th Floor<br>Hearing Date:  August 27, 2025<br>Hearing Time:  9:00 am |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 2

LEGAL STANDARDS ................................................................................................... 3

ARGUMENT .................................................................................................................. 4

I.   VALEO'S FAILURE TO IDENTIFY ITS TRADE SECRETS ENTITLES NVIDIA TO SUMMARY JUDGMENT ................................................................. 4

    A.   NVIDIA Is Entitled To Summary Judgment As To Any Stricken Trade Secret ........................................................................................................ 4

    B.   NVIDIA Is Entitled To Summary Judgment As To Any Redefined Trade Secret ................................................................................................ 4

II.  THE ABSENCE OF ANY EVIDENCE THAT NVIDIA ACQUIRED OR USED ANY VALEO TRADE SECRET ENTITLES NVIDIA TO SUMMARY JUDGMENT ............................................................................. 7

    A.   Employing Mr. Moniruzzaman Is Not Trade Secret Misappropriation And Does Not Create A Triable Issue On Claims Against NVIDIA ................... 7

    B.   NVIDIA Did Not Misappropriate Trade Secret 3 ........................................ 9

        1.   TS 3 Is ████████████████████ .................................................. 9

        2.   NVIDIA Did Not Acquire TS 3 Through Obsolete Code That Does Not Implement It or Emails About Features Never Found In Any NVIDIA Code ........................................................................................ 9

        3.   NVIDIA's Obsolete Ultrasonic Sensor Code Did Not Use TS 3 ............ 10

    C.   NVIDIA Did Not Misappropriate Trade Secret 8 ...................................... 13

        1.   TS 8 Is "████████████████" ........... 13

        2.   NVIDIA Did Not Acquire TS 8 Through Obsolete Code, One Reference To A █████████ Or A Never-Accessed 2020 E-mail ................................................................................................... 13

        3.   NVIDIA Does Not Use TS 8 To ████████ .................................. 14

    D.   NVIDIA Did Not Misappropriate Trade Secret 9 ...................................... 17

        1.   TS 9 Is "█████████████████████" ........... 17

2. NVIDIA Did Not Acquire TS 9 Through E-mails About ███ Or Conversations about ███ That Did Not Convey TS 9 .................................................................. 17

3. NVIDIA Does Not Use TS 9 To ███ ......................... 18

E. NVIDIA Did Not Misappropriate Trade Secret 11 ................................ 20

1. TS 11 Is ███ ............................... 20

2. NVIDIA Did Not Acquire TS 11 Through An E-mail About "███" Or A Never-Accessed 2020 E-Mail ................. 20

3. NVIDIA Does Not Use TS 11 To ███ ................. 21

F. NVIDIA Did Not Misappropriate Trade Secret 12 ................................ 22

1. TS 12 Is ███ ............................... 22

2. NVIDIA Did Not Acquire TS 12 Through Emails About ███ Generally Or Merely By Hiring A Knowledgeable Ex-Valeo Employee .......................................... 22

3. NVIDIA's Obsolete ███ Code Did Not Use TS 12 .......... 23

G. NVIDIA Did Not Misappropriate Trade Secret 4 Or Trade Secret 10 ............ 25

H. There Is No Triable Issue On Any Other Trade Secret ........................... 25

CONCLUSION ................................................................................... 25

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

4

### <u>Cases</u>

5

*3D Sys., Inc. v. Wynne*,
    2025 WL 886958 (S.D. Cal. Mar. 20, 2025).................................................................. 7

6

7

*Apple Inc. v. Rivos, Inc.*,
    2023 WL 5183034 (N.D. Cal. Aug. 11, 2023) ......................................................... 7, 8

8

*Bodett v. CoxCom, Inc.*,
    366 F.3d 736 (9th Cir. 2004)......................................................... 10, 14, 20, 23

9

10

*C.R. v. Tenet Healthcare Corp.*,
    169 Cal. App. 4th 1094 (2009) ........................................................................ 8

11

12

*Calendar Rsch. LLC v. StubHub, Inc.*,
    2020 WL 4390391 (C.D. Cal. May 13, 2020)................................................. 18

13

*Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*,
    2019 WL 11499334 (N.D. Cal. Nov. 13, 2019).......................................... 5, 9

14

15

*Chung v. Intellectsoft Grp. Corp.*,
    2024 WL 813445 (N.D. Cal. Feb. 12, 2024).................................................. 3

16

17

*Cisco Sys., Inc. v. Chung*,
    2023 WL 2622155 (N.D. Cal. Mar. 22, 2023)................................. 4, 7, 8, 10, 25

18

*Coomes v. Edmonds Sch. Dist. No. 15*,
    816 F.3d 1255 (9th Cir. 2016)........................................................................ 4

19

20

*Danjaq LLC v. Sony Corp.*,
    1999 WL 317629 (C.D. Cal. Mar. 11, 1999) ............................................ 18, 23

21

22

*Flow Devices & Sys., Inc. v. Brooks Instrument, LLC*,
    2023 WL 3529685 (C.D. Cal. Mar. 1, 2023) ................................................. 5

23

*Fortinet Inc. v. FireEye Inc.*,
    2014 WL 4955087 (N.D. Cal. Sept. 30, 2014)............................................... 9

24

25

*Imax Corp. v. Cinema Techs., Inc.*,
    152 F.3d 1161 (9th Cir. 1998).................................................................... 5

26

27

*InteliClear, LLC v. ETC Global Holdings, Inc.*,
    978 F.3d 653 (9th Cir. 2020).......................................................... 4, 8, 25

28

*Joshua David Mellberg LLC v. Will*,
  96 F. Supp. 3d 953 (D. Ariz. 2015) ....................................................................... 10

*MAI Sys. Corp. v. Peak Computer, Inc.*,
  991 F.2d 511 (9th Cir. 1993) ................................................................................ 5

*Masimo Corp. v. Apple Inc.*,
  2022 WL 4596658 (C.D. Cal. Aug. 5, 2022) ......................................................... 5

*Norsat Int'l, Inc. v. B.I.P. Corp.*,
  2014 WL 2453034 (S.D. Cal. May 30, 2014) ........................................................ 9

*Perlan Therapeutics, Inc. v. Superior Ct.*,
  178 Cal. App. 4th 1333 (2009) ............................................................................. 6

*Pro. Investigating & Consulting Agency, Inc. v. SOS Sec., LLC*,
  2024 WL 2106223 (6th Cir. May 10, 2024) ......................................................... 12

*S.E.C. v. King Chuen Tang*,
  2012 WL 10522 (N.D. Cal. Jan. 3, 2012) ............................................................. 4

*Spear Mktg., Inc. v. BancorpSouth Bank*,
  791 F.3d 586 (5th Cir. 2015) ............................................................................... 12

*Su v. Mayorkas*,
  698 F. Supp. 3d 1168 (N.D. Cal. 2023) ............................................................... 4

*Terpin v. AT & T Mobility LLC*,
  118 F.4th 1102 (9th Cir. 2024) ............................................................................ 14

*Truinject Corp v. Galderma S.A.*,
  694 F. Supp. 3d 491 (D. Del. 2023) ........................................... 13, 16, 20, 22, 25

*Use Techno Corp. v. Kenko USA, Inc.*,
  2007 WL 4169487 (N.D. Cal. Nov. 20, 2007) ....................................................... 4

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006) ............................................................................... 14

*Waymo LLC v. Uber Techs., Inc.*,
  2017 WL 6887040 (N.D. Cal. Nov. 14, 2017) ....................................................... 7

*Wisk Aero LLC v. Archer Aviation Inc.*,
  2023 WL 3919469 (N.D. Cal. June 9, 2023) .................................................... 5, 16

*Wixen Music Uk Ltd. v. Transparence Ent. Grp. Inc.*,
  2023 WL 9004931 (C.D. Cal. Oct. 10, 2023) ........................................................ 9

*X6D Ltd. v. Li-Tek Corps.*,
  2012 WL 12952726 (C.D. Cal. Aug. 27, 2012) ..................................................... 6

## **Rules / Statutes**

18 U.S.C. § 1836 ............................................................................................................. 3

18 U.S.C. § 1837 ............................................................................................................. 3

18 U.S.C. § 1839(3) ......................................................................................................... 5

18 U.S.C. § 1839(5) ....................................................................................................... 25

18 U.S.C. § 1839(5)(A) ................................................................................................... 8

18 U.S.C. § 1839(6) ....................................................................................................... 25

Cal. Civ. Code §§ 3426 *et seq.* ..................................................................................... 3

California Code of Civil Procedure Sec. 2019.210 .................................................... 3, 4

Fed. R. Civ. P. 37(c) ....................................................................................................... 4

Fed. R. Civ. P. 56(a) ....................................................................................................... 4

## **Other Authorities**

Restatement (Third) of Unfair Competition § 40 cmt. c (1995) .................................. 12

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 27, 2025 at 9:00 am, or soon thereafter as this matter can be heard before the Honorable Noël Wise in Courtroom 8, Fourth Floor, United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Defendant NVIDIA Corporation ("NVIDIA") will and hereby does move the Court to summary judgment in NVIDIA's favor on all claims asserted by Plaintiff Valeo Schalter und Sensoren GmbH's ("Valeo").

<u>Statement of the Issue to Be Decided</u>: Whether NVIDIA is entitled to summary judgment on Valeo's claims for trade secret misappropriation.

NVIDIA's motion is based on this notice of motion and motion; the following memorandum of points and authorities; and the supporting declaration of Ron Hagiz and the exhibits to that declaration. The Court also may take judicial notice of other pleadings on file in this action and other written or oral argument that NVIDIA may present to the Court, including NVIDIA's Reply memorandum in support of this motion.

## PRELIMINARY STATEMENT

After years of discovery and litigation in multiple countries, Valeo has failed to support its trade-secret claims against NVIDIA with any evidence. This result comes as no surprise. Before it filed this lawsuit, Valeo brought legal action in Germany against a former Valeo employee, Mohammad Moniruzzaman, for improperly retaining Valeo confidential information. Without any evidence, Valeo also accused NVIDIA of having worked with Mr. Moniruzzaman to obtain and use Valeo trade secrets. In Valeo's two-pronged litigation against NVIDIA, the German court found no evidence of the identified Valeo confidential information at NVIDIA. At Valeo's urging, the same court hired an independent expert, who found **no** evidence of **any** Valeo code in **any** NVIDIA product. Valeo withdrew both German cases and paid NVIDIA's legal costs.

That should have been the end of this dispute. Instead, disregarding the results in Germany, Valeo again accused NVIDIA of scheming with Mr. Moniruzzaman to acquire and use Valeo trade secrets. But with discovery closed, Valeo has been unable to support its accusations with any evidence. As in Germany, the facts here have disproven Valeo's attempts to blame NVIDIA for Mr. Moniruzzaman's actions or show that NVIDIA acquired or used any Valeo trade secrets. After identifying dozens of alleged trade secrets, Valeo has found no evidence that NVIDIA misappropriated any of them. Undaunted, Valeo set about morphing its trade secrets, belatedly contending that any individual element of its disclosed trade secrets constitutes a trade secret and contradicting its own corporate representative. This type of "moving target" approach to defining trade secrets is a ground to strike the trade secrets and for summary judgment.

Instead of dropping its misappropriation allegations, Valeo has pursued a case based on general similarities and publicly disclosed features, contrary to trade secret law. Under the scrutiny required at summary judgment, the purported "evidence" of Mr. Moniruzzaman (or anyone else) communicating Valeo's purported trade secrets to NVIDIA consists exclusively of high-level references to concepts that Valeo does not and cannot qualify as trade secrets. And Valeo's attempts to show that NVIDIA "used" its trade secrets similarly point only to high-level concepts already disclosed to the public or features that Valeo never even identified as part of its trade secrets.

Valeo is left where it started, with a story about Mr. Moniruzzaman's improper actions but

1    no evidence from which a jury could even identify Valeo's alleged trade secrets, let alone find

2    misappropriation and damage.  This case should come to a close.  With no evidence to support

3    Valeo's claims, summary judgment should be granted to NVIDIA.

4                                    **FACTUAL BACKGROUND**

5        In September 2021, Mr. Moniruzzaman began working for NVIDIA in Germany as a fully

6    remote employee on NVIDIA's ultrasonic perception team, a part of NVIDIA's automotive team.

7    Ex. 1 (NVIDIA0735134) at -134, -136.  Upon joining, he expressly agreed not to use confidential

8    information from former employers. Ex. 2 (Moniruzzaman Employee Confi. Agmt), ¶ 1.4.  His work

9    at NVIDIA, which would ultimately last only 9 months, was limited to updating functionalities

10   related to ultrasonic sensor processing. Ex. 3 (Rajala) 130:21-131:4.

11       NVIDIA first learned of any issues related to Mr. Moniruzzaman on May 19, 2022, when his

12   home was searched pursuant to a complaint Valeo had filed in Germany. Ex. 4 (Oh) 183:5-185:12.

13   Mr. Moniruzzaman called his NVIDIA supervisor, who contacted the human resources and legal

14   departments. *Id.*, 183:5-186:14.  NVIDIA placed Mr. Moniruzzaman on leave and disabled his

15   access to NVIDIA systems. Ex. 5 (Chandler Aff.) ¶ 2.  He remained on leave until he was formally

16   terminated in March 2023. Ex. 6 (Oh II) 39:5-14; Ex. 7 (Separation Agreement).

17       NVIDIA conducted an internal investigation, which showed Mr. Moniruzzaman did not share

18   Valeo code or confidential documents with NVIDIA employees. Ex. 5, ¶¶ 3-7; Ex. 8 (Moniruzzaman

19   Aff.) ¶ 1.  Valeo has noted a single call during which limited excerpts of Valeo code were briefly

20   displayed when Mr. Moniruzzaman shared his screen.  But Valeo has not identified any trade secrets

21   contained in those excerpts, and the uncontroverted testimony is that the NVIDIA employees on the

22   call did not even see that code. Ex. 6, ¶ 3.  NVIDIA also "rolled back" all code at NVIDIA that Mr.

23   Moniruzzaman wrote, edited, or modified in any way. Ex. 4, 189:7-190:21; Ex. 3, 214:24-216:2.

24       Valeo provided a list of files allegedly retained by Mr. Moniruzzaman, and NVIDIA

25   conducted a broad search of █████████████████████████████████████████████████

26   █████████████████████████████████████████████████ for the files. Ex. 9 (Recla

27   Aff. I) ¶¶ 2-5; Ex. 10 (Recla Aff. II) ¶¶ 4-10.  This search did not find any of the files on any of those

28   NVIDIA computers or servers. Ex. 9, ¶¶ 4-5; Ex. 10, ¶¶ 5, 10.  As for the two devices issued to Mr.

1  Moniruzzaman, a laptop and a desktop workstation, NVIDIA confirmed that they had been modified

2  so that ███████████████████████████████ and these devices were not

3  backed up to NVIDIA's servers. Ex. 9, ¶¶ 6-7.  NVIDIA also reviewed Mr. Moniruzzaman's ████

4  ████████████████████████████████████████████████████████

5  ████, and found no evidence of the files.  Ex. 11 (Morrison Aff.) ¶¶ 10-25.

6        Before commencing this action, Valeo sued NVIDIA twice in Germany.  In the first case, the

7  German court determined that Valeo had not shown that NVIDIA possessed any Valeo code and

8  ordered Valeo to pay litigation costs.  Dkt. 101-4.  In the second, Valeo withdrew its allegations

9  against NVIDIA and abandoned its preliminary injunction request after a court-appointed neutral

10  expert reviewed NVIDIA's code and found it did not contain any Valeo code.  *See* Dkt. 247 at 2.

11        After failing in its claims against NVIDIA in Germany, Valeo turned to this Court.  Dkt. 1.

12  Without any evidence, Valeo claimed that NVIDIA acted in concert with Mr. Moniruzzaman to

13  obtain and use Valeo trade secrets.  Valeo initially identified ███████████████████

14  ████████████████████████████████.  Ex. 14 (1st TSD).  After NVIDIA challenged the

15  sufficiency of Valeo's trade secret disclosures under California Code of Civil Procedure Sec.

16  2019.210, Dkt. 45 at 4-7, Valeo withdrew 7 of its asserted trade secrets.  Dkt. 49.

17        During fact discovery, Valeo advanced misappropriation theories for only 7 out of the 21

18  non-withdrawn trade secrets.  Ex. 15 (12/18/24 Valeo Resp. to 1st Rogs) 18-54.  Given the limited

19  scope of its allegations, Valeo stipulated that it has offered no expert opinion on misappropriation

20  for the remaining 14 trade secrets.  Dkt. 225.

21  **LEGAL STANDARDS**

22        Valeo has asserted claims under both the federal Defend Trade Secrets Act, 18 U.S.C. §§

23  1836, 1837, and the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 *et seq.*  Dkt. 1.

24  A trade secret plaintiff has the burden of proving "(1) that the plaintiff possessed a trade secret; (2)

25  that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or

26  threatened damage to the plaintiff." *Chung v. Intellectsoft Grp. Corp.*, 2024 WL 813445, *6 (N.D.

27  Cal. Feb. 12, 2024) (cleaned up).  "'Misappropriation' means either the (1) acquisition of a trade

28  secret by another person who knows or has reason to know that the trade secret was acquired by

1  improper means; or the (2) disclosure or use of a trade secret of another without express or implied

2  consent," coupled with the required mental state. *Cisco Sys., Inc. v. Chung,* 2023 WL 2622155, *7

3  (N.D. Cal. Mar. 22, 2023) (cleaned up). "[T]he Ninth Circuit has made clear that federal and state

4  trade secret claims can be analyzed together 'because the elements are substantially similar.'" *Id.*

5  (quoting *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020)).

6      Summary judgment is appropriate when there is no genuine issue as to material facts and the

7  moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A moving party is

8  entitled to summary judgment if it can (1) "produce evidence negating an essential element of the

9  nonmoving party's case" or (2) "show that the nonmoving party does not have enough evidence of

10  an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial."

11  *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1174 (N.D. Cal. 2023) (cleaned up); *see Coomes v. Edmonds*

12  *Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (on burden shifting).

13                                **ARGUMENT**

14  **I.    VALEO'S FAILURE TO IDENTIFY ITS TRADE SECRETS ENTITLES NVIDIA TO
      SUMMARY JUDGMENT**

15      **A.    NVIDIA Is Entitled To Summary Judgment As To Any Stricken Trade Secret**

16      In response to NVIDIA's interrogatories seeking disclosure of the alleged trade secrets, Valeo

17  merely pointed to its Section 2019.210 Trade Secret Disclosure ("TSD"), without further elaboration.

18  *See* Ex. 15 (Valeo Resp. to Rog 1) 2-3 ; Ex. 16 (Valeo Resp. to Rog 19) 2-3. NVIDIA has filed a

19  motion to strike the TSD based on Valeo's failure to identify its trade secrets with the required

20  particularity. Because Valeo is precluded by Rule 37(c) from relying on any further identification,

21  NVIDIA is entitled to summary judgment on any trade secret stricken from Valeo's TSD. *S.E.C. v.*

22  *King Chuen Tang*, 2012 WL 10522, *24-25 (N.D. Cal. Jan. 3, 2012) (refusing, pursuant to Rule

23  37(c), to consider evidence omitted from interrogatory responses and granting summary judgment);

24  *Use Techno Corp. v. Kenko USA, Inc.*, 2007 WL 4169487, *2-4 (N.D. Cal. Nov. 20, 2007) (same).

25      **B.    NVIDIA Is Entitled To Summary Judgment As To Any Redefined Trade Secret**

26      Even if the Court does not strike Valeo's trade secret disclosure, Valeo's improper rewriting

27  of its alleged trade secrets means that it cannot carry its burden of proof at trial.

28

To prove that it possessed a trade secret, Valeo was required to "identify the trade secrets and carry the burden of showing that they exist." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993). To survive summary judgment, Valeo had to "describe the subject matter of [its] trade secret[s] with ***sufficient particularity*** to separate [them] from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade." *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998) (cleaned up, emphasis in original). And Valeo had to make that identification ***before*** the end of fact discovery. *Flow Devices & Sys., Inc. v. Brooks Instrument, LLC*, 2023 WL 3529685, *5 (C.D. Cal. Mar. 1, 2023) (identifying trade secrets after the close of fact discovery is "procedurally deficient"); *Masimo Corp. v. Apple Inc.*, 2022 WL 4596658, *3 (C.D. Cal. Aug. 5, 2022) (declining "to allow expansion of this trade secret).

Valeo's changing definition of its trade secrets has taken many forms. It has contended that, for each asserted trade secret, ██████████████████████████████████████ ███████████ Ex. 17 (Johnson-Roberson Rpt.) ¶¶ 78, 85, 89, 112, 135, 142, 167, 194, 198, 205, 212, 218, 223, 230, 234, 239, 243, 247, 251, 255, 259. But no such claim appears in the disclosure, and a plaintiff "may not broaden its definition of [the trade secrets] from what it provided in the [TSD]." *Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 3919469, *18 (N.D. Cal. June 9, 2023). Had Valeo included such broad language, it would be improper use of a "catchall phrase," *Imax*, 152 F.3d at 1167, as "it is not permissible to claim all possible sub-sets and combinations of those steps or elements without actually identifying them," *Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*, 2019 WL 11499334, *4 (N.D. Cal. Nov. 13, 2019). Valeo has also never disclosed any theory or evidence that it has "taken reasonable measures to keep … secret" *each component* of every asserted trade secret, or that *each component* "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means" by others. 18 U.S.C. § 1839(3); *see* Ex. 17, ¶¶ 261-337, 378-581. To the contrary, as detailed below, Valeo discloses many of these components in patents and documents shared with customers.

Likewise, Valeo has tried to rewrite its trade secrets to capture *any detail* within the myriad documents generally cited as ████████ of each asserted trade secret. It now contends NVIDIA uses TS 3 by ██████████████████████████████████████████

1     ██████████ using ████████████████████████████████, including ███████

2     █████████████████████████████████████████████████████████████ and

3     applying █████████████████████████████████████████ Ex. 17, ¶¶ 67, 77,

4     1195, 1237.  But none of these ideas are described in the TSD.  Ex. 18 (TSD) 13-17.  Instead, Dr.

5     Johnson-Roberson purports to find them among the ███████████ of source code and other

6     string-cited materials.  Ex. 17, ¶¶ 67, 77 (citing VALEO_5721_000002307 and Valeo source code).

7     Similarly, Valeo contends NVIDIA uses TS 8 by ████████████████████████████████████

8     *Id.*, ¶ 1351.  That feature is never described in TS 8.  Ex. 18 at 25-29; instead, Dr. Johnson-Roberson

9     points to a several pages of a string-cited document, which includes extensive discussions of non-

10    trade secret material.  Ex. 17, ¶ 108 (citing ████████ document); Ex. 19 (███████████), -919-

11    920 (discussing a "██████████" and citing published papers).  And Valeo argues that NVIDIA

12    uses TS 12 by pointing to ██████████████████████████████████████████████████

13    ████████████████.  Ex. 17, ¶ 1507.  These values are never described in TS 12, nor is the

14    underlying functionality in which they appear.  Ex. 18 at 39-41.  Instead, Dr. Johnson-Roberson

15    points to Valeo's source code.  Ex. 17, ¶ 1507.

16           All of this is improper, as the TSD expressly states the string-cited materials "████████

17    ██████████" recited in the disclosure, not that they contain additional trade secrets.  Ex. 18 at 16,

18    29, 32, 34, 38, 41.  Even if Valeo had attempted to claim the entire contents of these documents as

19    trade secrets, that would also be improper because Valeo offers no way to determine ***what specifically***

20    within the dozens of documents and ████████████████ of source code it considers trade

21    secrets, nor any proof that any of these undifferentiated ideas qualify as trade secrets.  Valeo may not

22    "hide its trade secrets in 'plain sight' by including surplusage and voluminous attachments in its trade

23    secret statement."  *Perlan Therapeutics, Inc. v. Superior Ct.*, 178 Cal. App. 4th 1333, 1350 (2009).

24    Thus, because Valeo "fail[s] to specifically identify what in [the cited] documents is a trade secret

25    and where within [those] documents that information is located," its disclosure "is insufficient to

26    satisfy Plaintiffs' burden of identifying for the court," much less the jury, "exactly what it claims as

27    trade secrets."  *X6D Ltd. v. Li-Tek Corps.*, 2012 WL 12952726, *6 (C.D. Cal. Aug. 27, 2012).

28           Valeo's rewriting is grounds for summary judgment.  *Waymo LLC v. Uber Techs., Inc.*, 2017

WL 6887040, at *8 (N.D. Cal. Nov. 14, 2017) (granting motion to strike and summary judgment where "wide-ranging expanders compounded the misery in trying to place arms around the breadth of [the] asserted trade secret"); *3D Sys., Inc. v. Wynne*, 2025 WL 886958, *6 (S.D. Cal. Mar. 20, 2025) (granting summary judgment on "moving target" trade secrets: "[T]his scavenger hunt must end. We have now reached the summary-judgment stage—the 'put up or shut up' moment.").

## II.    THE ABSENCE OF ANY EVIDENCE THAT NVIDIA ACQUIRED OR USED ANY VALEO TRADE SECRET ENTITLES NVIDIA TO SUMMARY JUDGMENT

### A.    Employing Mr. Moniruzzaman Is Not Trade Secret Misappropriation And Does Not Create A Triable Issue On Claims Against NVIDIA

Valeo brings its claims in this litigation against NVIDIA, not against Mr. Moniruzzaman. Valeo thus bears the burden of proving that **NVIDIA**, not Mr. Moniruzzaman, misappropriated Valeo's trade secrets. Merely employing Mr. Moniruzzaman is insufficient.

Courts in this district have repeatedly refused to allow trade secret plaintiffs to conflate their departed employees and those employees' new employers. For example, in *Cisco*, the court granted the employer defendant summary judgment even though there was evidence that its employee had "downloaded, copied, or emailed various Cisco documents and files," "five Cisco documents had been found on [that employee's] devices," and the defendant brought that same employee "back to work." 2023 WL 2622155 at *1, *14. Similarly, in *Waymo*, the court rejected the plaintiff's repeated suggestion that a corporate defendant "should be deemed automatically liable for trade secret misappropriation by" an employee—even though that employee was a founder of the company, not a briefly-employed engineer like Mr. Moniruzzaman. 2017 WL 5000352 at *5. It is thus the rule that a trade secret plaintiff that sues a corporate defendant cannot proceed as if "misappropriation by [the plaintiff's former employee] is somehow automatically transmogrified into misappropriation by [the corporate defendant] such that [the plaintiff] need not separately prove the latter." *Id.*; *Apple Inc. v. Rivos, Inc.*, 2023 WL 5183034, *8 (N.D. Cal. Aug. 11, 2023) (rejecting effort "to impute the Individual Defendants' alleged misappropriation to Rivos").

Here, Valeo cannot attribute Mr. Moniruzzaman's actions to NVIDIA. There is no triable issue on ratification, which "is generally applied where an employer fails to investigate or respond to charges that an employee committed an intentional tort." *Cisco*, 2023 WL 2622155, at *11

(quoting *C.R. v. Tenet Healthcare Corp.*, 169 Cal. App. 4th 1094, 1110 (2009)). It is undisputed that NVIDIA placed Mr. Moniruzzaman on leave and terminated his access as soon as it learned of the allegations against him, and then conducted far-reaching investigation. Ex. 5; Ex. 9; Ex. 10; Ex. 11. And there is no triable issue on vicarious liability, which would require Valeo to show that Mr. Moniruzzaman was "acting in the scope of [his] employment [with NVIDIA] when [he] misappropriated trade secrets." *Cisco*, 2023 WL 2622155, at *11. It is undisputed that, at the time Mr. Moniruzzaman allegedly downloaded Valeo's materials, he worked for Valeo, not NVIDIA. *Apple*, 2023 WL 5183034, at *8 ("the Individual Defendants were not Rivos employees when they allegedly 'acquired' the information, improperly or otherwise"). Valeo has no theory, much less evidence, that NVIDIA intended Mr. Moniruzzaman to take anything from Valeo, something that he had to expressly agree ***not*** to do as a condition of his employment with NVIDIA. Ex. 2, ¶ 1.4. "Simply put, if [Mr. Moniruzzaman] was acting for [NVIDIA's] benefit, why would [NVIDIA] voluntarily investigate him, place a litigation hold on his data, … place him on administrative leave," and terminate him? *Cisco*, 2023 WL 2622155, at *12.

Mr. Moniruzzaman's alleged acquisition and possession of Valeo's trade secrets would not be enough to avoid summary judgment for two further reasons: knowledge and damage. To prove misappropriation by acquisition, a plaintiff must show the defendant "knows or has reason to know that the trade secret was acquired by improper means." 18 U.S.C. § 1839(5)(A). Valeo identifies no basis by which NVIDIA could or should have known that Mr. Moniruzzaman had Valeo's materials.[1] And a plaintiff must show, not merely assume, that whatever misappropriation it alleges actually "caused or threatened damage to the plaintiff." *InteliClear*, 978 F.3d at 657-58. The mere claim that Mr. Moniruzzaman (or even NVIDIA) merely ***acquired*** Valeo trade secrets is disconnected from Valeo's only damages contention, an unjust enrichment theory based solely on NVIDIA's alleged ***use*** of the trade secrets. Ex. 15 (Valeo Resp. to Rog 12) 65-67. Valeo has never alleged damages based on NVIDIA's mere acquisition of trade secrets alone, and indeed, it would be "difficult to

---

[1]  To the extent that Valeo alleges that individual communications by Mr. Moniruzzaman gave rise to such knowledge, they are discussed in connection with each trade secret below.

1  imagine a scenario on which such damages could be proved if [NVIDIA] simply obtained certain

2  trade secrets but did nothing with them." *Wixen Music Uk Ltd. v. Transparence Ent. Grp. Inc.*, 2023

3  WL 9004931, *10 n.18 (C.D. Cal. Oct. 10, 2023) (granting summary judgment for lack of harm

4  where plaintiff failed to show use).

5       Valeo's efforts to base a case against NVIDIA on evidence against Mr. Moniruzzaman thus

6  fail as a matter of law.  "Mere possession of trade secrets by a departing employee is not sufficient

7  to establish misappropriation or show injury." *Norsat Int'l, Inc. v. B.I.P. Corp.*, 2014 WL 2453034,

8  *6 (S.D. Cal. May 30, 2014) (cleaned up).  Likewise, "the mere fact that [NVIDIA] hired former

9  [Valeo] employees who allegedly have knowledge of [Valeo's] trade secrets is insufficient to

10  demonstrate misappropriation." *Carl Zeiss*, 2019 WL 11499334 at *5; *Fortinet Inc. v. FireEye Inc.*,

11  2014 WL 4955087, *8 (N.D. Cal. Sept. 30, 2014) ("Plaintiff's allegations that these employees had

12  knowledge of the trade secrets and then went to work for Defendant is not sufficient to allege

13  misappropriation because they ring more of inevitable disclosure than misappropriation.").  Valeo

14  must support its claims with evidence that *NVIDIA* used its trade secrets.

15       **B.    NVIDIA Did Not Misappropriate Trade Secret 3**

16            1.    TS 3 Is



17       TS 3 describes "

18  

19                                        Ex. 18 at 13.

20  

21  

22  

23  

24            *Id.*

25            2.    NVIDIA Did Not Acquire TS 3 Through Obsolete Code That Does Not
         Implement It or Emails About Features Never Found In Any NVIDIA Code

26       Valeo contends NVIDIA "acquired" TS 3 via source code that Mr. Moniruzzaman updated

27  during his brief employment at NVIDIA.  Ex. 15 at 26-28.  Valeo's claim that this source code

28  incorporates TS 3 is not supported by evidence, as set forth in the following section on "use" of TS

1  3. Moreover, Valeo's theory that Mr. Rajala "studied" Mr. Moniruzzaman's code to learn Valeo's

2  trade secrets fails because █████████████████████████████████████████████

3  ███████████████.  *See* note 2, below.  This speculation is also contrary to Mr. Rajala's

4  uncontradicted testimony that ███████████████████████████████████████

5  ██████████████████████████.  Ex. 3 (Rajala) 78:22-80:23, 83:3-87:9, 138:24-

6  140:22, 219:23-222:19.  "A party cannot create a dispute of fact by simply questioning the credibility

7  of a witness."  *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 740 n.3 (9th Cir. 2004).

8      On the last day of fact discovery, Valeo supplemented its contentions to allege that Mr.

9  Moniruzzaman disclosed TS 3 to NVIDIA in several e-mails that generally relate to ████████.

10  Ex. 15 at 29-30.  Valeo has not explained how these e-mails disclose TS 3.  Instead, Valeo asserts

11  the e-mails discuss ████████████████████████████████████████████████

12  ████████  Ex. 17, ¶¶ 1177-79.  But ███████████████ is never mentioned in TS 3, and

13  Valeo does not even explain how a passing reference to ██████████████████████████

14  discloses TS 3.  Valeo does not contend these e-mails mention any ████████████████

15  █████████████████████, and thus they cannot be a means by which NVIDIA

16  "acquired" TS 3.  *Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 982 (D. Ariz. 2015)

17  (despite evidence that "individual defendants in the course of their work with Defendant Impact

18  Partnership used trade secret information, there are no facts showing that Defendant Impact

19  Partnership had any knowledge whatsoever regarding the information purportedly used").

20      Moreover, Valeo offers no explanation of how NVIDIA knew or should have known that Mr.

21  Moniruzzaman's high-level references in this e-mail might be (1) secret and (2) acquired by improper

22  means.  *Cisco*, 2023 WL 2622155 at *13 (granting summary judgment where plaintiff failed to show

23  that defendant-employer "would have known, from the face of the" email alleged to contain the

24  asserted trade secret "that the information contained in that email was obtained by improper means").

25      3.    NVIDIA's Obsolete Ultrasonic Sensor Code Did Not Use TS 3

26      (a)    Valeo Accuses NVIDIA's Obsolete ███████████ Code

27      Valeo accuses source code that Mr. Moniruzzaman wrote of using TS 3, based primarily on

28  the fact that he implemented ████████████████████████████████████████

1   ██████████████████████████████████. Ex. 15 at 26-28; Ex. 17, ¶¶ 1185, 1199.  It

2   is undisputed that NVIDIA reverted its operative code base to remove all of Mr. Moniruzzaman's

3   changes to the code in 2022.  Ex. 15 at 38; Ex. 3 (Rajala) 215:7-216:2.

4          Valeo also asserts that Mr. Rajala later "re-implemented" Mr. Moniruzzaman's code in ████

5   ██████  code that he wrote in early 2023, again based on the fact that Mr. Rajala's ████

6   ██████  code ████████████████████████████████████████████████████

7   ████████████████████.  Ex. 15 at 38-39; Ex. 17, ¶ 1223.  Even Mr. Rajala's ████

8   ██████  code is no longer used, as it has been replaced by a new ████████████████

9   algorithm that is not accused.  Ex. 3 (Rajala) 219:15-18; Ex. 20 (Schonfeld Reb. Rpt.) ¶¶ 723-724.

10         (b)      Valeo Ignores Core Features Of TS 3 Missing From NVIDIA's Code

11         The Court need go no further than visually comparing Valeo's ████████  in TS 3 with

12   Mr. Moniruzzaman's and Mr. Rajala's ████████  that Valeo contends "use" TS 3:

13
14
15   ████████████████████████████████████████████████████████████
16
17

18   Ex.  18  at  16;  Ex.  20,  ¶¶  711  (citing ████████████████████),  728  (citing

19   ████████████).  The ████████  in Mr. Moniruzzaman's and NVIDIA's obsolete code

20   look nothing like TS 3, and they lack the specific details in the TSD.  ████████████████

21   ██████████████████████████  Ex. 18, p.16.

22   ████████████████████████████████████████████████████

23   ██████████████  *Id.*[2] ████████████████████████████████

24   ██████████████████████.  Valeo does not contend that NVIDIA ████████

25   ████████████████████████████████████████████████████

26   _____

27   [2]  While Valeo claims that Mr. Rajala's ████████  "uses" TS 3's idea of ████████████

     ████████, Mr. Rajala could not have "reimplemented" that idea from Mr. Moniruzzaman's ████,

28   which uses ████████████████████████████.



1
2
3  *Id.* at 14-15.  In short, TS 3 claims Valeo's

4                                         Ex. 21 (Valeo 30(b)(6)) 54:13-55:12.  Mr.

5  Moniruzzaman's and NVIDIA's outdated ▮▮▮▮▮ simply did not use that information.

6        (c)    Valeo Cannot Show That The High-Level Features It Accuses In
               NVIDIA's Code Were Substantially Derived From TS 3

7        Because the accused code lacks numerous aspects of TS 3, Valeo must show that NVIDIA's

8  implementation "is ***substantially derived*** from the trade secret."  Restatement (Third) of Unfair

9  Competition § 40 cmt. c (1995) (emphasis added).  But Valeo cannot show substantial derivation

10 based on general similarities or publicly-disclosed features.  *Pro. Investigating & Consulting Agency,*

11 *Inc. v. SOS Sec., LLC*, 2024 WL 2106223, *3 (6th Cir. May 10, 2024) ("If general similarities were

12 sufficient, then plaintiffs could prove misuse 'in virtually every trade secret misappropriation claim

13 in which there is evidence of disclosure.'") (quoting *Spear Mktg., Inc. v. BancorpSouth Bank*, 791

14 F.3d 586, 601-02 (5th Cir. 2015)).

15       Valeo's claims for TS 3 thus fail, because general similarities in the public domain are all that

16 Valeo identifies to connect its trade secret with NVIDIA's product.[3]  Valeo essentially contends

17 NVIDIA "used" the idea of ▮▮▮▮▮ (not Valeo's specific ▮▮), ▮▮▮▮▮

18 (not Valeo's ▮▮▮▮), ▮▮▮▮▮ (not ▮▮▮▮, which

19 was never even disclosed as part of TS 3).  Ex. 17, ¶¶ 1192, 1194, 1227, 1238.  But Valeo's corporate

20 representative admitted that TS 3 is not ▮▮▮▮▮

21
22 Ex. 21, 27:8-14, 37:25-38:10, 40:10-15.  And indeed, these general ideas are all undisputedly

23 disclosed to the public.  *See, e.g.*, Ex. 20, ¶¶ 95-105, 123-129, 144-148; Ex. 22 (Bosch patent

24 describing ▮▮▮▮▮

25                                         Ex. 23 (Valeo patent

26

---

[3] Any attempt to argue that NVIDIA "used" TS 3 based on features that are not disclosed, but instead found in a pile of string-cited materials, is improper for the reasons discussed in Part I.



US10859697 describing using ███████████████████████████████████████

██████████████████████████████). Valeo even shared the *specific* ████████████ from TS 3

with NVIDIA and other external parties, removing just the specific ███████ (which Valeo does

not contend NVIDIA uses). Ex. 21, 56:23-57:18.

Valeo's only argument that TS 3 could somehow be a trade secret despite these public

disclosures was the contention that they do not "████████████████████████████████████

████████████" or Valeo's ████████████████████████████████████████████

█████████ Ex. 17, ¶ 296; Ex. 24 (Johnson-Roberson Suppl. Rpt.) ¶ 44.  But that position on

secrecy conflicts with its position on misappropriation, where Valeo does not claim that NVIDIA

"used" Valeo's ███████████████████████ or any specific Valeo ███████████

█████████—just the same basic ideas about ███████████ already known to the public.  In any

event, as a matter of law, "merely pointing to similarities between parties' products is insufficient to

survive summary judgment, especially when the similarities are in the public domain."  *Truinject*

*Corp v. Galderma S.A.*, 694 F. Supp. 3d 491, 502 (D. Del. 2023).

### C.    NVIDIA Did Not Misappropriate Trade Secret 8

1.    TS 8 Is ███████████████████████████████████.

TS 8 describes a method where ████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████ Ex. 18 at 26.  This algorithm

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ *Id.* ████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████ *Id.* at 28.

2.    NVIDIA Did Not Acquire TS 8 Through Obsolete Code, One Reference To

A ██████████████████ Or A Never-Accessed 2020 E-mail

Valeo contends that NVIDIA acquired TS 8 through Mr. Moniruzzaman's code (addressed

in the next section, on "use" of TS 8), and a single document that describes his algorithm for ███████

1    at a high level by ███████████████████████████ Ex. 15 at 28-29; Ex. 17, ¶

2    1297; Ex. 25 (NVIDIA0022322).  That scant reference does not disclose anything secret in TS 8 or

3    prove NVIDIA knew or should have known the contents were either secret or acquired improperly.

4        In its opening expert reports, Valeo for the first time raised a new theory that NVIDIA also

5    acquired TS 8 through a different NVIDIA employee, Mr. Mohamed Shawki Elamir.  Ex. 17, ¶¶

6    1351-1355.  This new, never-pleaded theory cannot avoid summary judgment for multiple reasons.

7        *First*, this theory is irrelevant because Valeo never included any allegations about Mr. Elamir

8    in its pleadings, nor any contention about Mr. Elamir with respect to TS 8 in its written discovery

9    responses and contentions.  *Terpin v. AT & T Mobility LLC*, 118 F.4th 1102, 1113 (9th Cir. 2024)

10   (holding that plaintiff could not raise new allegations for the first time at summary judgment); *Wasco*

11   *Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary

12   judgment is not a procedural second chance to flesh out inadequate pleadings.").

13       *Second*, even if considered, there is no evidence to support this theory.  Valeo relies solely on

14   the fact that in 2020, a year before he left Valeo and more than two years before he joined NVIDIA,

15   Mr. Elamir emailed a document titled ████████████ to his personal email account for his Valeo-

16   sponsored Ph.D work.  Ex. 15 at 43, 45-46.  Valeo offers no basis to dispute Mr. Elamir's sworn

17   testimony that he never accessed or used this or any other Valeo material after leaving Valeo.  Ex.

18   26 (Elamir) 47:20-48:4, 181:6-15.  Valeo cannot rely on an unsupported supposition that Mr. Elamir

19   is lying to avoid summary judgment.  *Bodett*, 366 F.3d at 740 n.3.  A document that may have sat,

20   unaccessed and unused, in a former Valeo employee's personal email account provides no basis for

21   a claim that NVIDIA acquired or misappropriated the trade secret.

22       3.    <u>NVIDIA Does Not Use TS 8 To</u> ███████████

23           (a)    Valeo Accuses NVIDIA's ███████ Code

24       As noted above, Valeo accuses source code that Mr. Moniruzzaman wrote of using TS 8,

25   based primarily on (1) the fact that Mr. Moniruzzaman's code uses ████████████████████

26   ██████ and (2) the claim that Mr. Moniruzzaman's code ███████████████████████.

27   Ex. 15 at 29-30; Ex. 17, ¶¶ 1299, 1306-1307, 1315-1316.  It is undisputed that this source code was

28   reverted in 2022.  Ex. 15 at 39; Ex. 3 (Rajala) 215:7-216:2.

1    Valeo also asserts that NVIDIA's current ███████ code, written by Mr. Rajala beginning

2    in 2023, "re-implemented" Mr. Moniruzzaman's ████████ code because Mr. Rajala's code (1)

3    ████████████████████████████ (which is different from Mr. Moniruzzaman's ██████

4    ██████), and (2) ████████████████████████████████████████ (not

5    ██████ as in Mr. Moniruzzaman's code). Ex. 15 at 39-40; Ex. 17, ¶¶ 1338, 1345-46.

6    Valeo's expert reports also assert the new theory that Mr. Elamir used the ███████

7    document to add the general capability to ████████████████████ in NVIDIA's

8    ██████ code. Ex. 17, ¶¶ 1351-1355.

(b)    Valeo Ignores Core Features Of TS 8 Missing From NVIDIA's Code

10    The features of TS 8 that Valeo does not even argue are used by NVIDIA quickly establish

11    no misappropriation. It is undisputed that NVIDIA does not employ ███████████████

12    ████████████████████████████████████████████████████

13    ████████████████████████ Ex. 18 at 27. It does not employ

14    Valeo's proprietary ████████████████████████████████████

15    ██████████████████████████████, or ████████████████

16    ████████████████████████. Ex. 21 (Valeo 30(b)(6)) 81:21-

17    86:11. It is not alleged to ████████████████████████████████

18    ██████████████████████████ Ex. 18 at 28.

(c)    Valeo Cannot Show That The High-Level Features It Accuses In
NVIDIA's Code Were Substantially Derived From TS 8

20

21    These absences and differences mean that Valeo must show, at minimum, that the subset of

22    features it *does* contend are present in NVIDIA's code are "substantially derived" from TS 8.[4]

23    *Palantir*, 2022 WL 2952578 at *5. But the features of TS 8 that Valeo claims NVIDIA uses are all

24    high-level generalities, like the mere idea of ████████████████████████████

25    ████████████████████████████████████████████

26    ██████. Ex. 17, ¶¶ 1306, 1316, 1338, 1340, 1345. Indeed, Valeo's misappropriation theory

27    ---

28    [4] Any attempt to argue that NVIDIA "used" TS 8 based on features that are not disclosed, but instead found in a pile of string-cited materials, is improper for the reasons discussed in Part I.

1  rewrites the narrow elements in its TSD to make them generic.  For example, while TS 8 describes

2  ████████████████████████████████████████████████████████████, Ex. 18 at 28, Valeo

3  generalizes this concept to claim any code that ██████████████████████████████████████

4  █████████████████████████████████—because NVIDIA's code █████████████████████████

5  ███████████████████, ██████████████████. Ex. 17, ¶ 1345; Ex. 20, ¶ 788.  Valeo

6  accuses NVIDIA of using TS 8 as long as it uses the concept of ███████████████████████

7  ████████████████████, even in instances where NVIDIA undisputedly uses █████████

8  █████████████████, not ███████████████████████ of TS 8.  Ex. 17, ¶ 1344.  And

9  while Valeo points to the existence of ████████████████████ in the obsolete version of the

10  code that Mr. Moniruzzaman wrote, *see id.* ¶¶ 1307-1313, mere overlap on particular values is legally

11  insufficient.  *Wisk Aero*, 2023 WL 3919469 at *16 (granting summary judgment and noting "[m]erely

12  showing that the companies use one of the same values does not show the information was

13  'substantially derived' from Wisk's secret.").

14      These similarities are also insufficient because they contradict Valeo's binding corporate

15  testimony that what is proprietary in TS 8 is *not* the idea of ██████████████████████

16  ███████████████████████████████████.  Ex. 21 (Valeo 30(b)(6)) 68:8-17, 106:12-17,

17  179:8-15, 249:9-10.  Instead, TS 8 covers Valeo's proprietary ██████████████████████████

18  ██████████████████████████████████████████████████████████████████████████████

19  ██████████████████████████████████████████████████████████████████████████████

20  ███████████████████████████████████████████████████████████ *Id.* 81:21-

21  86:11.  All of these actually proprietary details are indisputably absent, and none of the features Valeo

22  highlights can show that NVIDIA's products are "substantially derived" from TS 8 because all of

23  them appear in public materials.  Ex. 20, ¶¶ 195-201, 214-229, 239-251; Ex. 23 (Valeo patent

24  US10859697 disclosing ████████████████████████████████████████████████████████

25  ██████████████████████); Ex. 27 (Valeo patent EP3156820 disclosing █████████████

26  ██████████████████████████████████).  Valeo cannot use "similarities [that]

27  are in the public domain" to show misappropriation.  *Truinject*, 694 F. Supp. 3d at 502.  It particularly

28  cannot do so after raising TS 8's ███████████████████████████████████████████████

1   including ████████████████████████████████████████████████████████

2   ████████████████████████████████████████████████████████████████████

3   █████████████████ to try to distinguish TS 8 from what is generally known. Ex. 24, ¶ 75. Valeo

4   does not allege that NVIDIA uses *any* of those features, so Valeo cannot create a triable issue to

5   avoid summary judgment on TS 8.

6          **D.      NVIDIA Did Not Misappropriate Trade Secret 9**

7                 1.      <u>TS 9 Is ███████████</u>████████████████████████████

8   ████████████████████████

9   TS 9 describes a method by which ████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████

11  Ex. 18 at 30. ██████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ███████████ *Id.* at 30-32.

15                 2.      <u>NVIDIA Did Not Acquire TS 9 Through E-mails About ██████████</u>
                           <u>Or Conversations about ██████████ That Did Not Convey TS 9</u>

16         During fact discovery, Valeo alleged only that Mr. Moniruzzaman disclosed TS 9 to NVIDIA

17  in several e-mails that generally discuss using ██████████████████████. Ex. 15 at 31.

18  Valeo's expert and corporate designee both conceded that ██████████████████████

19  is well known and not proprietary to Valeo. Ex. 21 (Valeo 30(b)(6)) 119:11-16; Ex. 24, ¶ 137

20  (acknowledging the known "██████████████████████████████████████"). 

21  The cited e-mails cannot communicate the contents of TS 9, nor provide any reason to know that this

22  admittedly well-known concept was an improperly acquired trade secret. Valeo also suggests Mr.

23  Moniruzzaman disclosed Valeo TS 9 to NVIDIA during his interview. Ex. 17, ¶ 1381. But being

24  asked general questions about ██████████████ algorithms during an interview falls far short of

25  disclosing a trade secret, and Valeo points to no evidence that any interviewer learned about TS 9. It

26  is undisputed that Mr. Moniruzzaman did not write any code relating to TS 9 while at NVIDIA.

27         In its opening expert reports, Valeo raises the new theory that Mr. Elamir disclosed TS 9 to

28  NVIDIA because Mr. Elamir testified that (1) he had some limited awareness of Valeo's ████

1    ████████████ algorithm in 2017, and (2) he may have generally discussed ████████████ with

2    Mr. Rajala at NVIDIA. Ex. 17, ¶¶ 1384-85; *see also* Ex. 26 (Elamir) 35:1-36:3, 260:3-261:9. Unpled

3    and undisclosed theories related to Mr. Elamir are not properly in the case. Even if considered, Valeo

4    has no evidence that Mr. Elamir had access to TS 9 (which is not discussed in the document he

5    emailed himself), disclosed any aspect of it to anyone at NVIDIA, or implemented it himself in any

6    NVIDIA code. To the contrary, his only contribution to NVIDIA's ████████████ code added

7    ████████████████████—which Valeo does not contend

8    involves TS 9 in any way.[5]  Ex. 26, 235:14-236:14. Valeo's theory thus boils down to speculation

9    that Mr. Elamir committed TS 9 to memory before leaving Valeo, then did not implement it himself

10    but instead disclosed it to NVIDIA employees in unspecified meetings. Such unsubstantiated guesses

11    are insufficient to avoid summary judgment. *Danjaq LLC v. Sony Corp.*, 1999 WL 317629, *1 (C.D.

12    Cal. Mar. 11, 1999); *Calendar Rsch. LLC v. StubHub, Inc.*, 2020 WL 4390391, *14 (C.D. Cal. May

13    13, 2020) (no genuine issue of trade secret misappropriation merely because ex-employees "worked

14    on similar projects" and "used some of the knowledge, learnings, and know-how they developed" at

15    their former employer).

16            3.        NVIDIA Does Not Use TS 9 To ████████████████

17                  (a)        Valeo Accuses NVIDIA's ████████████ Code

18        Valeo accuses Mr. Rajala's height classification code of using TS 9 because it uses ████

19    ████████████████████████. *See* Ex. 15 at 41; Ex. 17, ¶¶ 1402-1404. Valeo

20    also asserts that NVIDIA's code addresses the same "██████" as ████████████████

21    ████████████████████ Ex. 17, ¶ 1400.

22                  (b)        Valeo Ignores Core Features Of TS 9 Missing From NVIDIA's Code

23        TS 9 describes ████████████████████████████████████

24    ████████████████████. But Valeo cannot identify these features in the NVIDIA code it

25    accuses, none of which was written by Mr. Moniruzzaman or Mr. Elamir. Ex. 17, ¶¶ 1389-1405

26    _____

27    [5]  Valeo alleges that Mr. Elamir implemented TS 9 in Valeo's code, but the undisputed evidence establishes that Mr. Rajala, not Mr. Elamir, wrote all of the accused ████████████ code. Ex.

28    3 (Rajala) 247:5-8; Ex. 26 (Elamir) 235:14-236:14.

1  (citing code drafted by Mr. Rajala for TS 9 misappropriation opinions).  TS 9's flow-chart asks first

2  ████████████████████████████████████████ Ex. 18 at 32.  NVIDIA's first step is

3  different, as it ████████████████████████████████████████████████████

4  ████████████████████████ Ex. 28 (Schonfeld Rpt.) ¶ 77 (explaining this step in NVIDIA's code);

5  Ex. 20, ¶ 823; Ex. 17, ¶¶ 1397-1400 (claiming that NVIDIA's first step addresses the same "████"

6  as Valeo's first step).  TS 9's flow-chart next ████████████████████████████

7  ████████████████████████████████████████████████████████████████

8  ████████████████████ Ex. 18 at 30.  NVIDIA's second step is different, as it ████████████

9  ██████████████████████████████. Ex. 17, ¶¶ 1402-1403 (citing

10  ████████████████).  TS 9's flow chart then ████████████████████████████

11  ████████████████████████████████████████████ Ex. 17, p.30. NVIDIA's third

12  step is different too, as it ██████████████████████████████████████████

13  █████████████. Ex. 20, ¶ 825 (describing NVIDIA-SC-000016-17 ████████████)).  Nor does

14  Valeo contend that NVIDIA's code ████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ██████████████████████████████████████████████████████████" as

17  TS 9 also describes.  Ex. 18, p.32.

18             (c)     Valeo Cannot Show That The High-Level Features It Accuses In NVIDIA's Code Were Substantially Derived From TS 9

19
20       The similarities on which Valeo basis its theory that NVIDIA "uses" TS 9 are thus merely

21  using some of the same checks, in a different order, to assess whether ████████████████

22  ████████████████. These high-level similarities are not Valeo's trade secrets, by Valeo's own

23  concession.  *See* Ex. 21 (Valeo 30(b)(6)) 119:11-22 ████████████████████████

24  ████████████ is not proprietary); Ex. 24, ¶ 136 ("████████████████████

25  ████████████ is ████████████████████).  And they are all publicly disclosed, including

26  in Valeo's own patents, which Valeo concedes describe ████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████████████████ *Id.* ¶¶ 136, 158, 168, *see also*

1   *id.*, ¶ 177 (discussing another reference ████████████████████████████████

2   ████). Valeo cannot use such use "similarities [that] are in the public domain" to show

3   misappropriation. *Truinject*, 694 F. Supp. 3d at 502. And it cannot distinguish public references

4   teaching them for failing to ██████████████████████████████████████████████

5   ███████████████ Ex. 17, ¶ 458, and then accuse NVIDIA of misappropriation without even

6   arguing that NVIDIA uses that same module.

   **E.    NVIDIA Did Not Misappropriate Trade Secret 11**

8           1.    TS 11 Is ████████████████████████████████

9

10  TS 11 describes a method █████████████████████████████████████████████

11  ███████████████████████████████████ Ex. 18 at 34. This is done using ██

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ████████████████████ *Id.* ████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████████████

16  ███████████████████████████████████████████████████ *Id.* at 35-37.

            2.    NVIDIA Did Not Acquire TS 11 Through An E-mail About "████████

17               ████" Or A Never-Accessed 2020 E-mail

18  Valeo contends NVIDIA acquired TS 11 based on the ████████████ document that Mr.

19  Elamir e-mailed to himself years before he joined NVIDIA, asserting the document ████████

20  ████████████████████████████████████. Ex. 15 at 43. But, again, Valeo cannot

21  dispute Mr. Elamir's sworn testimony that he never accessed, used, or disclosed any Valeo material

22  while working for NVIDIA. Ex. 26 (Elamir) 181:6-15. Valeo cannot rely on an unsupported

23  supposition that Mr. Elamir is lying to avoid summary judgment. *Bodett*, 366 F.3d at 740 n.3.

24  On the last day of fact discovery, Valeo supplemented its contentions to allege that Mr.

25  Moniruzzaman also disclosed TS 11 to NVIDIA in an e-mail discussing ████████████████

26  ██████████████████████████████████ but does not describe any algorithm or

1  method for implementing ███████████.[6] Ex. 15 at 31; Ex. 29 (NVIDIA0291253).  Such a high-

2  level statement about functionality neither communicates the contents of TS 11 nor gives NVIDIA a

3  "reason to know" that phrase was an allegedly improperly acquired trade secret.

3.    <u>NVIDIA Does Not Use TS 11 To</u> ███████████████

(a)    Valeo Accuses NVIDIA's ████████ Code

6  Valeo accuses the ████████ code created by Mr. Elamir at NVIDIA of using TS 11.  Ex.

7  15 at 42-43.  Valeo claims this code uses TS 11 because ████████████████████████

8  ████████████████████████████████.  Ex. 17, ¶¶ 1457, 1459, 1466-67.

(b)    Valeo Ignores Core Features Of TS 11 Missing From NVIDIA's Code

10  TS 11 discusses and discloses one particular ███████████████████████

11  ███████████████████████████████████████████████

12  ███████████████████████████████████████.  Ex. 18 at

13  35.  Yet Valeo does not contend that NVIDIA does *any* of this.  NVIDIA does not have an algorithm

14  to ████████████████████████████████; instead, NVIDIA

15  has ████████████████████████████████████████

16  ████████████████████████████.  Ex. 20, ¶¶ 865-866 (describing

17  NVIDIA-SC-000034-37 (███████████████)).  Valeo does not contend either algorithm ███████

18  █████████████████████████████ or uses Valeo's specific

19  ██████████████████████████  TS 11 also classifies features as ███████

20  ████████  Ex. 18 at 37, which Valeo does not claim to find in NVIDIA's code.  TS 11 qualifies

21  uncertainty using ███████████████████████████████████

22  ████████████ *id.* at 34, 37, which Valeo does not claim to find in NVIDIA's code.  TS 11

23  uses ████████████ *id.* p.35, which Valeo does not claim to find in NVIDIA's code.  TS

24  11 describes a ████████████████████████, *id.* at 38, which Valeo does not

25  claim to find in NVIDIA's code.  Valeo's corporate representative claimed that TS 11 covers ███

26  ███████████████████████████████████████████████

---

28  [6]  Valeo has not raised any "use" theory based on this e-mail.

-21-        Case No. 5:23-cv-5721-NW-VKD

NVIDIA's Motion for Summary Judgment

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████. Ex. 21 (Valeo 30(b)(6))

3 154:20-155:3; 162:13-25; 167:1-11.  Yet Valeo does not accuse NVIDIA of using any of these

4 features.

(c)    Valeo Cannot Show That The High-Level Features It Accuses In NVIDIA's Code Were Substantially Derived From TS 11

Valeo bases its claim that NVIDIA misappropriated TS 11 on nothing more than the fact that

NVIDIA's ████████████████████ and uses the well-known ████████

████. Ex. 17, ¶¶ 1464-1466, 1471-1472.  That concept cannot be a trade secret; it is described

on Wikipedia. Ex. 30 (Wikipedia entry for "Gauss-Newton algorithm").   Valeo's own witness

admitted that the "████████████████████" and that ████████████ are not Valeo's

trade secrets. Ex. 21 (Valeo 30(b)(6)) 144:7-12, 150:8-14, 152:16-21.  For all of the reasons discussed

above, Valeo cannot establish that NVIDIA's far-different ████████ code is "substantially

derived" from TS 11 when the only overlap are high-level "similarities [that] are in the public

domain."  *Truinject*, 694 F. Supp. 3d at 502.  And it cannot distinguish public disclosures of these

ideas for lacking "the specific implementation described by Trade Secret 11" or "sufficient technical

information to implement a working system,"  and then advance a misappropriation theory against

NVIDIA that never even alleges overlap at that level of specificity. Ex. 17, ¶ 536.

**F.    NVIDIA Did Not Misappropriate Trade Secret 12**

1.    TS 12 Is "████████████████████████████

TS 12 describes ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Ex. 18 at 39. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ *Id.* at 39-41.

2.    NVIDIA Did Not Acquire TS 12 Through Emails About ████████
Generally Or Merely By Hiring A Knowledgeable Ex-Valeo Employee

During fact discovery, Valeo alleged only that Mr. Moniruzzaman disclosed TS 12 to NVIDIA in e-mails that generally refer to the need for ██████████ capabilities. Ex. 15 at 31. It does not allege Mr. Moniruzzaman, or any recipient of his e-mails, implemented TS 12 at NVIDIA.

In its opening expert reports, Valeo raises the new theory that Mr. Elamir had access to TS 12 because he worked on ██████████ functionality while employed at Valeo years earlier. Ex. 17, ¶ 1500. To the extent this belated theory is considered at all, Valeo has not even **alleged** that Mr. Elamir "took" any materials disclosing TS 12, which Valeo does not contend is in the ██████████ document he emailed himself in 2020. Thus, Valeo's acquisition rests on pure speculation that Mr. Elamir committed TS 12 to memory before leaving Valeo and implemented it into a side branch of obsolete code years later—which is contradicted by Mr. Elamir's sworn testimony that his NVIDIA code only implemented "basic" functionality that "anyone working on this problem" would have used. Ex. 26 (Elamir) 275:9-276:21. That is not enough to avoid summary judgment. *Danjaq*, 1999 WL 317629 at *3; *Bodett*, 366 F.3d at 740 n.3. .

        3.    NVIDIA's Obsolete ██████████ Code Did Not Use TS 12

        (a)    Valeo Accuses NVIDIA's Obsolete ██████████ Code

Valeo accuses a ██████████ function that Mr. Elamir wrote while he was employed at NVIDIA of using TS 12 because ██████████████████████ ██████████████████████████████████████. Ex 15 at 47-48; Ex. 17, ¶¶ 1501-1505, 1510. Valeo also claims Mr. Elamir's code uses several of the same parameter values as Valeo's code (none of which are discussed in TS 12). Ex. 17, ¶ 1507. Several weeks after Mr. Elamir wrote that code, it was replaced with a different implementation, created by Mr. Rajala and not accused by Valeo. Ex. 26 (Elamir) 270:22-271:12; Ex. 20, ¶ 888.

        (b)    Valeo Ignores Core Features Of TS 12 Missing From NVIDIA's Code

The "side branch" of ██████████ code that Mr. Elamir wrote and NVIDIA quickly abandoned also did not "use" TS 12. As with other accused trade secrets, the features of TS 12 that are not even purportedly present in NVIDIA's code overwhelm the superficial, high-level similarities that are alleged. TS 12 describes using ██████████████████████████ ██████████████████████████████████████████

1    ████████████████████████████████████. Ex. 18 at 39. Valeo does not claim

2    NVIDIA ████████████████████████████ ████████████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████. Ex. 18 at 39. Valeo

5    does not claim NVIDIA identifies ████████████████████. TS 12 describes ████

6    ████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████

9    ████████████████████████████████████████████████. *Id.* Valeo

10   does not claim NVIDIA's code uses either approach. TS 12 references, but does not describe,

11   algorithms to ████████████████████ *Id.* Valeo does not claim that these

12   exist in NVIDIA's code either. *See generally* Ex. 17, ¶¶ 1491-1516.

13             (c)      Valeo Cannot Show That The High-Level Features It Accuses In
                       NVIDIA's Code Were Substantially Derived From TS 12

14   Valeo's theory for TS 12 thus relies on the fact that, in this obsolete code, NVIDIA ████

15   ████████████████████████████████████████████████████████

16   ████████████████████████████████. Ex. 17, ¶ 1499. Valeo does not

17   claim NVIDIA ever used Valeo's code to achieve this functionality, and these broad ideas are

18   undisputedly not proprietary, as admitted by Valeo's corporate representative, who confirmed that

19   ██████████████████████████████████████████████████. Ex. 21

20   (30(b)(6)), 179:2-24. They are also undisputedly disclosed, including through ████████████

21   ████████████████████████████████████████████████████████

22   ██████████████████████████████████ (and which is not listed

23   anywhere in TS 12, and thus should not even be considered, *see* Part I). Ex. 20, ¶¶ 456-465, 893;

24   Ex. 31 (████████████████ at -437; Ex. 32 (Valeo patent application DE10 2016118307,

25   teaching ██████████████████████████████████████). As

26   explained for the other trade secrets above, Valeo cannot create a triable issue on whether the obsolete

27   code it accuses was "substantially derived" from TS 12 when it points only to similarities found in

28

1   public disclosures, including information that Valeo provided to NVIDIA directly. *Truinject*, 694 F.

2   Supp. 3d at 502. And Valeo cannot distinguish those public disclosures as failing to "████████

3   ██████████████████████████████████████████████████████," Ex.

4   17, ¶ 579, and then offer a misappropriation theory that ignores that same design and implementation.

5         **G.**     **NVIDIA Did Not Misappropriate Trade Secret 4 Or Trade Secret 10**

6        Minutes before the close of fact discovery, Valeo alleged that Mr. Moniruzzaman disclosed

7   TS 4 and TS 10 to NVIDIA. Ex. 15 at 30-31 But the e-mails in question communicate only high-

8   level generalities, not the features of these trade secrets. *Compare* Ex. 18 at 17-18 (TS 4), *with* Ex.

9   17, ¶ 1255 (citing emails discussing ████████████████████████████████████████████

10  ███████████████████████████); Ex. 18 at 33-34 (TS 10), *with* Ex. 17, ¶ 1426 (citing

11  emails discussing ██████████████████████████████████████████████

12  █████████████); *see also* Exs. 33, 34 (documents cited for TS 4 and 10, respectively). Moreover,

13  any acquisition theory requires Valeo to prove NVIDIA's culpable state of mind, 18 U.S.C. §§

14  1839(5)-(6), and Valeo offers no evidence NVIDIA should have known "that the information

15  contained in [those] email[s] was obtained by improper means." *Cisco*, 2023 WL 2622155 at *13.

16       Even if there was evidence that NVIDIA had acquired TS 4 or TS 10, NVIDIA would still be

17  entitled to summary judgment on these trade secrets because Valeo fails to so much as allege that

18  NVIDIA ever used these purported trade secrets. Given Valeo's exclusive reliance on an unjust

19  enrichment theory of harm, its "acquisition only" theory about TS 4 and TS 10 offers no basis for

20  Valeo to assert that any alleged misappropriation of these ideas "caused or threatened damage."

21  *InteliClear*, 978 F.3d at 657-58. That is an essential element of every trade secret claim.

22       **H.**     **There Is No Triable Issue On Any Other Trade Secret**

23       Valeo withdrew alleged trade secrets 1, 2, 5, 6, 13,14, and 19 early in the case. Dkt. 49 ¶ 1.

24  And it has offered no contentions regarding, and stipulated to exclude any expert misappropriation

25  opinions about, alleged trade secrets 7, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, or 28. Valeo

26  thus cannot carry its burden with respect to those trade secrets.

27                               **CONCLUSION**

28       The Court should enter summary judgment in favor of NVIDIA on all claims.

1

2

3    DATED: May 8, 2025                    Respectfully submitted,

4                                          QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
5

6
                                                /s/Andrew M. Holmes
7

8                                          Attorneys for Defendant NVIDIA Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28