UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALEO SCHALTER UND SENSOREN GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>NVIDIA CORPORATION,<br><br>    Defendant. | Case No. 23-cv-05721-NW (VKD)<br><br>**ORDER GRANTING NVIDIA'S MOTION TO ENFORCE STIPULATED FORENSIC PROTOCOL**<br><br>Re: Dkt. No. 308 |

As permitted by the Court, defendant NVIDIA Corporation ("NVIDIA") filed a motion to enforce the parties' Joint Forensic Protocol Stipulation, which the Court entered as an order on November 7, 2024 (Dkt. No. 148). Dkt. No. 308. Plaintiff Valeo Schalter und Sensoren GmbH ("Valeo") opposes the motion.[1] Dkt. No. 309.

The Court grants NVIDIA's motion. There is no dispute that the parties voluntarily agreed to the forensic protocol, presented it to the Court as a stipulation and proposed order, and the Court subsequently entered it as an order. Pursuant to the protocol, the parties agreed to share equally the expense of a third-party forensic examination of the devices Mr. Moniruzzaman is alleged to have used to store Valeo's trade secret information, which devices are in the custody of the German authorities.

Valeo objects to enforcement of the order on the ground that such enforcement would be

---

[1] In conjunction with its opposition filed on July 10, 2025, Valeo filed an administrative motion to consider whether NVIDIA's information should be sealed. Dkt. No. 311. As of the filing of this order, NVIDIA has not yet filed a declaration or statement in support of sealing its information pursuant to Civil Local Rule 79-5 which must be filed no later than 7 days after the filing of the original administrative motion. The Court will address the administrative sealing motion in a separate order.

"manifestly unjust," citing several grounds. First, Valeo argues that NVIDIA "seeks to functionally open discovery" which has long since closed.[2] Second, Valeo argues that the protocol contemplates a lengthy process whose results would not be available until after summary judgment and *Daubert* motions have been filed. Third, Valeo argues that it would be prejudiced were NVIDIA able to obtain additional information as a result of the forensic examination, and by the lengthy process required to implement the protocol, because trial would need to be postponed to account for the results of the examination.

The Court is not persuaded that it is manifestly unjust to enforce the stipulated protocol. The protocol imposes no substantial burden on Valeo. Apart from bearing half of the expense of the examination (as it agreed to do), the protocol requires Valeo to review source code the forensic examiner identifies on the devices in question, pursuant to paragraph 5 of the protocol, after which Valeo must make any relevant source code available for inspection (assuming it has not already done so). *See* Dkt. No. 148 ¶ 5. While the protocol permits Valeo to undertake additional review of source code, and to ask the forensic examiner to undertake additional searches, the protocol does not require this. *See id.* ¶¶ 8-9. In short, Valeo has not shown it would be prejudiced by the mere performance of the forensic examination it specifically agreed should occur. *See, e.g., Morrison v. Zangpo*, No. 08-cv-1945, 2008 WL 4449585 (N.D. Cal. Sept. 30, 2008) (denying party's motion to withdraw stipulation regarding arbitrability); *State Farm Fire & Cas. v. McDevitt, et al.*, No. 00-cv-2240, 2001 WL 637419, at *8-9 (N.D. Cal. May 21, 2001) (denying insurance claimants' objection to rescission of policy after stipulated judgment, where delay at most postponed insurer's legal right to obtain rescission).

As for Valeo's other objections, enforcement of the protocol order does not reopen discovery (fact or expert). Nor does it imply that any of the information that may be gleaned from the examination may be used by either party for any purpose, including summary judgment, supplemental expert reports, or trial, or that the case schedule should be extended to accommodate the results of the examination. Indeed, there is a significant possibility that neither party will be

---

[2] Fact discovery closed December 18, 2024. Dkt. No. 123. Expert discovery closed April 3, 2025. *Id.*

able to use any of the information obtained from the forensic examination because they failed to timely cooperate in implementing the protocol. Those are matters properly addressed to the presiding judge.

The Court grants NVIDIA's motion to enforce the stipulated forensic protocol, entered as an order at Dkt. No. 148. The parties shall cooperate in complying with and implementing the order.

**IT IS SO ORDERED.**

Dated: July 17, 2025

Virginia K. DeMarchi
United States Magistrate Judge