1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6                          SAN JOSE DIVISION
7

8   VALEO SCHALTER UND SENSOREN            Case No.  23-cv-05721-NW (VKD)
    GMBH,
9                                          
              Plaintiff,                   **ORDER RE NVIDIA'S MOTION TO**
10                                         **STRIKE PORTIONS OF EXPERT**
         v.                                **REPORT AS UNTIMELY**
11
    NVIDIA CORPORATION,                    Re: Dkt. No. 233
12
              Defendant.
13

14          Defendant NVIDIA Corporation ("NVIDIA") moves to strike portions of an expert report

15   disclosed by plaintiff Valeo Schalter under Sensoren GmbH ("Valeo"), on the ground that the

16   report contains theories of trade secret misappropriation that were not timely disclosed.  Dkt. No.

17   233.  Valeo opposes the motion.  Dkt. No. 243.  Upon consideration of the parties' briefing and

18   arguments made during the hearing on this motion, the Court denies NVIDIA's motion to strike.[1]

19   **I.     BACKGROUND**

20          On January 24, 2025, Valeo served the report of its technical expert Dr. Matthew Johnson-

21   Roberson.  Dkt. No. 235-4; Dkt. No. 243 at 4.  The report discloses Dr. Johnson-Roberson's

22   opinions about Valeo's trade secrets and NVIDIA's alleged misappropriation of them, including

23   opinions regarding NVIDIA's use of Valeo's trade secrets and the benefits NVIDIA obtained from

24   such use.  The report includes a discussion of NVIDIA's "acquisition, possession, and use" of

25   Valeo's Trade Secrets Nos. 4 and 10.  Dkt. No. 235-4 ¶¶ 1251, 1422; *id.* ¶¶ 1241-1255, 1410-

26

27   _____
     [1] Unless redacted from the public version of this order, as indicated below, the Court finds that it
28   is unnecessary to seal any other portion of this order, including references to the discussion from
     the sealed portion of the motion hearing. The Court will address the remainder of the parties'
     sealing requests in a separate order.

United States District Court
Northern District of California

1426.

NVIDIA argues that the report includes contentions about NVIDIA's alleged use of Valeo's Trade Secrets Nos. 4 and 10 that Valeo did not disclose during fact discovery. Dkt. No. 233 at 5. In particular, NVIDIA asserts that Valeo did not disclose its "use" contentions for these trade secrets in response to NVIDIA's Interrogatory No. 7. *Id.* at 7. NVIDIA says it has been prejudiced by Valeo's untimely disclosure of its contentions regarding NVIDIA's use, and it asks the Court to sanction Valeo by striking disputed portions of Dr. Johnson-Roberson's expert report. *Id.* at 8-9.

Valeo responds that NVIDIA's motion to strike is untimely, considering that it was filed nearly three months after Valeo served Dr. Johnson-Roberson's expert report. Dkt. No. 243 at 1, 6-8. In addition, Valeo argues that its contentions for Trade Secrets Nos. 4 and 10 were fully disclosed during fact discovery. *Id.* at 8-13. In any event, Valeo argues, NVIDIA has suffered no prejudice. *Id.* at 16-20.

## II.    DISCUSSION

The Court first addresses Valeo's argument that NVIDIA's motion is untimely, and then turns to the merits of NVIDIA's motion to strike.

### A.    Valeo's Timeliness Objection

Valeo argues that NVIDIA's motion to strike should be denied outright because NVIDIA delayed three months after receiving Dr. Johnson-Roberson's expert report on January 24, 2025 before filing the motion on April 7, 2025. Dkt. No. 243 at 6-8. Valeo relies on Civil Local Rule 7-8(c) which provides that a motion seeking sanctions "must comply with any applicable Federal Rule and must be made *as soon as practicable* after the filing party learns of the circumstances that it alleges make the motion appropriate." *Id.* at 6-7 (emphasis added). NVIDIA responds that its motion should not be considered untimely, as the parties were conferring in an effort to resolve several disputes related to Dr. Johnson-Roberson's report until March 7, 2025, and that NVIDIA worked diligently to prepare its motion to strike thereafter. Dkt. No. 250 at 8-9. NVIDIA also argues that Valeo is not prejudiced by any delay. *Id.* at 9-10.

At the motion hearing, Valeo further advised the Court that NVIDIA delayed filing its

United States District Court
Northern District of California

1   motion to strike until after the parties had reached a resolution on NVIDIA's *own* late disclosure

2   of prior art references, suggesting NVIDIA's motion to strike reflects a lack of "parity" in the

3   parties' treatment of the same problem.  Dkt. No. 277 at 11:14-13:3.  Valeo further explained that

4   NVIDIA's delay in bringing its motion is prejudicial principally because it limits the options

5   available to cure any failure to disclose that the Court might find, given that expert discovery has

6   now closed and the parties have briefed both summary judgment and *Daubert* issues.  *See id.* at

7   13:5-12.

8          On the record presented, the Court finds that NVIDIA did not move promptly to seek the

9   relief that it now requests.  The Court is not persuaded that it would have been impractical or

10  burdensome for NVIDIA to have filed its motion before the close of expert discovery, as NVIDIA

11  contends.  However, because NVIDIA argues that the prejudice it suffered could not have been

12  cured without re-opening *fact* discovery, the Court will proceed to consider the motion to strike on

13  its merits.

14         **B.     NVIDIA's Motion to Strike**

15         NVIDIA asks the Court to sanction Valeo by striking portions of Dr. Johnson-Roberson's

16  expert report regarding Trade Secrets Nos. 4 and 10 on two grounds: (1) Valeo's failure to

17  supplement a response to an interrogatory under Rule 37(c), and (2) Valeo's failure to comply

18  with a discovery order under Rule 37(b).

19         Rule 37(c) authorizes a court to sanction a party by striking or excluding evidence for use

20  "on a motion, at a hearing, or at a trial," "[i]f a party fails to provide information . . . as required by

21  Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.

22  37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001).  Rule

23  26(e) provides, in relevant part, that "[a] party . . . who has responded to an interrogatory . . . must

24  supplement or correct . . . its response (A) in a timely manner if the party learns that in some

25  material respect the . . . response is incomplete or incorrect, and if the additional or corrective

26  information has not otherwise been made known to the other parties during the discovery process

27  or in writing; or (B) as ordered by the court."  Fed. R. Civ. P. 26(e).

28         Rule 37(b) authorizes a court to sanction a party for failure to obey a discovery order,

United States District Court
Northern District of California

including issuing an order "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(ii).

While NVIDIA's motion challenges the contents of paragraphs 1241-1255 and 1410-1426 of Dr. Johnson-Roberson's expert report, the discussion at the motion hearing focused on a narrower set of disclosures that specifically concern NVIDIA's alleged "use" of the trade secrets: paragraphs 1252-1255 pertaining to Trade Secret No. 4, and paragraphs 1423-1426 pertaining to Trade Secret No. 10. Dkt. No. 276 at 5:22-7:6. Indeed, as the Court observed at the hearing, the other paragraphs NVIDIA initially challenged either clearly match disclosures Valeo made during fact discovery, have nothing to do with use, or are generic to all purported trade secrets. *See id.* at 5:22-6:2. Thus, the expert disclosures at issue for purposes of this motion are:



Trade Secret No. 4:

1252. NVIDIA gained substantial benefits from misappropriating Valeo's trade secret in several ways. ███████████████████ ███████████████████████████████████ ███████████████████████████████████ ████████████████████

1253. █████████████████████████████ ██████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ████████████████████████

1254. These insights allowed NVIDIA to dramatically accelerate its development timeline and avoid costly dead-ends in research and testing, representing significant competitive advantage gained through misappropriation.

1255. The importance of ███████████████████ and NVIDIA's misappropriation is further evidenced by the following documents showing NVIDIA's need for and difficulty ████████ ████████████████████: NVIDIA0287587 (████████████████████);

NVIDIA0287961 (███████████████████
███████████████████
██████████); NVIDIA0288325 (███████████
███████████████████████;
NVIDIA0292553 (████████████████████
█████████████); NVIDIA0320934
(███████████████████████
███████████████████);
NVIDIA0322813 ████████████████
███████).

<u>Trade Secret No. 10</u>:

1423. ████████████████████
███████████████████
███████████████████
███████████████████
███████████████████
███████████████████
███████████████████
███████████████████
███████████████████
███████████████████
████████████████████
███████████████████
████████████.

1424. ████████████████████
███████████████████
█████████████████████
██████████████.

1425. This information significantly accelerated development ██
███████████████████
███████████████████
███████████████████
████████████ Such knowledge allowed engineers to shortcut
months or years off field testing and validation work.

1426. █████████████████████
███████████████████
███████████████████
█████████ NVIDIA0170760 ████
███████████████████
████████████████;

5

1   NVIDIA0292610 (███████████████████████
2   ████████████████████); NVIDIA0322810 (████
3   ████████████████████████); NVIDIA1012102
4   (██████████████████████████████
5   ███████████████████████).

Dkt. No. 235-4 ¶¶ 1252-1255, 1423-1426.

### 1.    Rule 37(c) – failure to supplement interrogatory response

NVIDIA argues that Valeo's contentions regarding NVIDIA's alleged use of Trade Secrets Nos. 4 and 10 should have been disclosed in Valeo's response to NVIDIA's Interrogatory No. 7, which asks, in relevant part: "State all facts supporting your allegation that NVIDIA has used any improperly acquired Valeo trade secret . . . ." Dkt. No. 233-6 at ECF 9.  In responding to this interrogatory, Valeo stated that "NVIDIA used" several of Valeo's alleged trade secrets and described the factual bases for its assertions, but did not refer to Trade Secrets Nos. 4 and 10.  *See* Dkt. Nos. 235-2 at ECF 23-44.  For this reason, NVIDIA argues that it was not timely apprised of Valeo's "use" contentions regarding Trade Secrets Nos. 4 and 10.

Valeo concedes it has no evidence (and does not contend) that NVIDIA implemented Trade Secrets Nos. 4 and 10 in NVIDIA's parking assistance technology.  Dkt. No. 277 at 14:16-23.  It emphasizes that these trade secrets concern best practices for testing and data collection, and that its contentions regarding NVIDIA's use of Trade Secrets Nos. 4 and 10 are limited to the fact that Mr. Moniruzzaman disclosed these trade secrets to NVIDIA and as a result NVIDIA saved time and resources in developing its own parking assistance technology.  *Id.* at 19:12-24.  Valeo argues that it fully disclosed this theory of "use" during discovery.  First, in its trade secret disclosure pursuant to California C.C.P. § 2019.210, Valeo explained for each of these trade secrets that *Valeo* engaged in "considerable effort and testing" "over years" (Trade Secret No. 4) and made a "substantial investment" (Trade Secret No. 10).  Dkt. No. 235-1 at ECF 18, 35.  Second, in response to NVIDIA's Interrogatory No. 5, which asks for "all facts supporting your allegation that NVIDIA's alleged misappropriation of Valeo's trade secrets provided NVIDIA any value," Valeo stated, in part:

By using Valeo's trade secrets in its § 2019.210 Trade Secret

6

> Disclosure to meet its obligations under the scope of the OEM Project—and in light of the significant development costs Valeo expended to develop its trade secrets, on the order of hundreds of millions of dollars in development costs over the last two decades— NVIDIA's misappropriation allowed NVIDIA to enjoy a significant shortcut in the development of its parking-assistance software, providing NVIDIA with value in the form of at least substantial saved development costs as well as value in being able to compete with Valeo in the market in the future by providing similar software to other OEMs.

Dkt. No. 246-4 at ECF 6-7; Dkt. No. 243 at 9, 12.  Third, in response to NVIDIA's Interrogatory No. 6, Valeo specifically identified Trade Secrets Nos. 4 and 10 as trade secrets Mr. Moniruzzaman had disclosed to NVIDIA, together with the documents it contends evidence that disclosure.  *See* Dkt. No. 235-2 at ECF 18-19.  In addition, Valeo stated, in part:

> While Valeo had been developing software for the processing of raw data from ultrasonic sensors for more than two decades, NVIDIA did not have the experience required to complete the OEM Project and did not know how to process raw data from ultrasonic sensors for use in parking assistance functionalities.

*Id.* at ECF 13.  Finally, Valeo points out that, in its third supplemental response to Interrogatory No. 7, it "incorporate[d] by reference its response to [NVIDIA's] Interrogatory No. 6, including any supplements thereto," which Valeo contends put NVIDIA on notice of Valeo's contention that the improper "uses" responsive to Interrogatory No. 7 include the improper disclosures to NVIDIA described in Valeo's responses to Interrogatory No. 6.  *See id.* at ECF 27; Dkt. No. 243 at 15.

The Court has carefully reviewed Valeo's disclosures during fact discovery, summarized above, and compared those disclosures to the disputed portions of Dr. Johnson-Roberson's expert report.  While Valeo did not expressly disclose a "use" theory corresponding to Trade Secrets Nos. 4 and 10 in response to Interrogatory No. 7, Valeo did disclose the precise "use" theory that forms the basis for Dr. Johnson-Roberson's expert disclosures in its responses to other discovery requests, including specifically in its responses to Interrogatories Nos. 5 and 6.  Valeo also previously disclosed all documents it contends reflect NVIDIA's use of Trade Secrets Nos. 4 and 10 in its responses to Interrogatory No. 6.  The Court is not persuaded that NVIDIA was unfairly

7

surprised by a late-breaking "use" theory. Moreover, to the extent NVIDIA objects that it was not previously informed of Dr. Johnson-Roberson's opinions about the extent of the advantages NVIDIA allegedly enjoyed—whether in time saved, costs avoided, or other benefits—it is not clear to the Court that those opinions are properly the subject of fact discovery, rather than expert discovery. In any event, NVIDIA had ample opportunity to explore Dr. Johnson-Roberson's opinions on these matters and the factual bases for his opinions during its deposition of him, even if it elected not to ask him those questions. *See* Dkt. No. 277 at 3:17-7:19.

For these reasons, the Court concludes that Valeo did not fail to provide information required to be disclosed in discovery regarding NVDIA's alleged use of Trade Secrets Nos. 4 and 10, and that any deficiency in its particular response to Interrogatory No. 7 was harmless.

### 2.    Rule 37(b) – failure to obey a discovery order

NVIDIA also argues that Valeo violated the Court's October 18, 2024 discovery order (Dkt. No. 139), which required Valeo to "timely supplement its interrogatory answers," including its answer to NVIDIA's Interrogatory No. 7. Dkt. No. 233 at 2-3, 5. Valeo responds that it *did* supplement its answer to Interrogatory No. 7, as well as other interrogatories, as ordered. Dkt. No. 243 at 4.

The October 18, 2024 order addressed several discovery disputes. With respect to Interrogatory No. 7, the discovery dispute principally concerned NVIDIA's demand that Valeo state where and how NVIDIA had implemented Valeo's trade secrets in NVIDIA's source code or otherwise, or alternatively, that Valeo be precluded from making any of those amendments in the future. The portion of the order resolving this dispute states:

> Interrogatory No. 7 asks Valeo to state all facts supporting Valeo's allegation that NVIDIA has used any "improperly acquired" Valeo trade secrets. . . . NVIDIA advises that Valeo provided substantive answers as to some, but not all, of Valeo's 20 alleged trade secrets. NVIDIA argues that, at a minimum, Valeo should be required to commit that it will make no further amendments to its answers to Interrogator[y] No[]. 7 based on references to NVIDIA's source code. Valeo responds that it has answered both interrogatories, and that its answers are current as of the date of its most recent responses. Valeo argues that it should not be prevented from supplementing its answers, including with respect to source code

8

references, as it obtains additional discovery from NVIDIA, some of
which may lead Valeo to re-examine source code and other
documentation that has already been produced.

The Court is not persuaded that the preclusion order NVIDIA seeks
would be fair to Valeo, given that NVIDIA has not yet completed its
production of documents or other information relating to access to
and use of the trade secrets at issue by Mr. Moniruzzaman and
others at NVIDIA.  Valeo has an obligation to timely supplement its
interrogatory answers, pursuant to Rule 26(e), and it must continue
to comply with that requirement.

Dkt. No. 139 at 1-2 (citations omitted).  Contrary to NVIDIA's suggestion, the October 18, 2024

order did not specifically direct Valeo to supplement its answer to Interrogatory No. 7.  As

reflected in the excerpt quoted above, the Court denied NVIDIA's request for a preclusion order,

and reminded Valeo of its obligation under Rule 26(e) to timely supplement its responses if it

obtains new information.

      In view of the discussion above with respect to Rule 37(c), the Court finds that Valeo

adequately disclosed during discovery its theory of misappropriation, including use by NVIDIA,

of Trade Secrets Nos. 4 and 10, and that the October 18, 2024 order did not impose a distinct

obligation that Valeo failed to obey.  In any event, the Court is not persuaded that striking the

disputed portions of Dr. Johnson-Roberson's expert report is an appropriate remedy for any failure

to expressly disclose in response to Interrogatory No. 7 the information Valeo did disclose in

response to other discovery requests.  *See* Fed. R. Civ. P. 37(b)(d) (orders a court "may" issue).

## III.    CONCLUSION

      The Court denies NVIDIA's motion to strike paragraphs 1241-1255 and 1410-1426 of Dr.

Johnson-Roberson's expert report.

      **IT IS SO ORDERED.**

Dated: July 31, 2025


Virginia K. DeMarchi
United States Magistrate Judge